# James W. Primmer

*v.*

# Price J. Patten & Co.

1. BILL OF DISCOVERY — *what necessary to be alleged.* Allegations in a bill of discovery of the pendency of suit upon a promissory note against the complainant in the bill; that pleas were filed in that suit setting forth facts showing a failure of consideration and satisfaction, and discharge of the note; that the note was transferred to the plaintiff after its maturity, that they knew of all the facts set up in the pleas before the assignment of the note to them, and that the complainant had no witness by whom he could prove the facts set up in the pleas, except the payee of the note, or the plaintiff in the suit at law, are not sufficient to entitle the complainant to a discovery. It should appear by the bill, that the facts set forth

in the pleas *were true,* or it should, outside the averments of the plea, allege facts showing a failure of the consideration for which the note was executed, and that the complainant expects to establish these facts by the discovery sought.

2.   The allegation in the bill, that the complainant has no witness by whom he can prove the facts set up in the pleas, except the payee of the note, or the plaintiff in the suit at law, is not equivalent to an averment, that he expects to be able to prove those facts by them.   The allegation should be positive, and not a mere matter of inference.

3.   PLEADING — *in chancery.*   In chancery, as at law, all facts must be clearly and positively averred in pleading.

4.   INJUNCTION — *must be prayed for.*   A bill of discovery which contains no prayer for injunction, is defective in form, and it would be error to grant an injunction on such a bill.


WRIT OF ERROR to the Circuit Court of Marion County; the Hon. H. K. S. O'MELVENEY, Judge, presiding.

The plaintiff in error asked leave to file a bill of discovery in the Marion County Circuit Court, in which bill he alleged the pendency in that court, of a suit at law, wherein the defendants in error were plaintiffs, and the complainant in the bill was defendant; that said suit was brought upon a promissory note given by the complainant to one Lasater, for the sum of five hundred dollars, dated Oct. 9, 1858, and payable two years from date, being the third and last installment for a house and lot bought of Lasater, by the complainant; that the note was indorsed by Lasater to the plaintiff in the suit at law; that the declaration in the suit contained a count upon the note and the common counts; that to this declaration the complainant pleaded four pleas, first, the general issue, and, "secondly, a special plea for failure of consideration in this," &c.   The bill then *recites the averments of the plea,* which were in substance, the purchase by the complainant in the bill from Lasater, of a lot of ground, the consideration for which was three notes made the plaintiff in error, the one last maturing being the note sued upon.   That by an agreement in writing between the complainant and Lasater, he, Lasater, was, upon the payment to him by the complainant of one hundred dollars, to convey said lot to the complainant in fee simple, by good and sufficient

67

warranty deed; that the complainant was ready and willing to pay the one hundred dollars, but that Lasater was unable and unwilling to execute the deed; that the contract was accordingly rescinded, Lasater delivering to the complainant two of said notes, and agreeing to deliver up the note in suit, and that plaintiffs in the suit at law had notice before the assignment of the note to them of the facts set forth in the plea. The bill also recites the averments of the other special pleas, which are of substantially the same character as the first special plea, and alleges that Lasater informed the plaintiffs in the suit at law, at the time he indorsed the note to them that the consideration had failed, but contained no averment that the complainant expected or believed that he could prove that fact by the defendants in the bill. It is further alleged in the bill that the complainant "has no witness by whom he can prove said facts, set out in said pleas, except the said Lasater, or said Price J. Patten & Co."

The bill contained no prayer for injunction. The Circuit Court overruled the motion to file the bill, to which the plaintiff in error excepted. Judgment was rendered against the plaintiff in error, for the amount of the note sued upon, and interest.

The complainant below sued out this writ of error, the question upon the record being, whether the court below erred in refusing the motion to file the bill of discovery, and in dismissing the bill.

Messrs. WILLARD & GOODENOW, for plaintiff in error.

Mr. BRYAN, for defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The first question which we propose to consider is, whether the bill of discovery contained such allegations as required the court below to grant an injunction staying the proceedings at law until the discovery was had. The bill alleges the pendency of the suit; that pleas had been filed, setting up a failure of

consideration, with notice by the plaintiffs at the time they purchased the note; that they purchased the note after its maturity; also a plea that the payee of the note received the conveyance of a town lot in satisfaction and discharge of the note by a written release, and that plaintiffs had notice at the time they purchased; that replications were filed and issues joined. The bill further alleges that complainant was informed and believed that the note was indorsed after it became due and payable, and that plaintiffs knew of all the facts set up in the pleas when they purchased the note upon which the suit had been instituted. That Lasater, the payee of the note, informed plaintiffs that the consideration had failed.

It will be observed that the bill fails to allege that the averments in the pleas, or that the information given by the payee of the note to the assignees, was true. Nor does the bill, outside of the averments in the pleas, allege facts showing a failure of the consideration for which the note was executed. Neither does it allege that complainant expected or believed that he could prove by defendants, that Lasater informed them at the time he indorsed the note, that the consideration had failed. The bill should have alleged that the facts averred in the pleas, or such of them as showed a defense, or other sufficient facts, were true. It is likewise defective in failing to allege that he expected to establish their truth by the discovery sought by the bill. It is true that he says in his bill, that he has no witness by whom he can prove the facts set up in the pleas, except by Lasater or the plaintiffs in the suit at law, but he fails to allege that he can prove them by these parties. It may possibly be inferred that he expects to prove them by the defendants to the bill, but there is no such positive allegation. This fails to conform to the rules of pleading. In chancery, as at law, all facts must be clearly and positively averred in pleading.

Again, the bill is defective in its frame, as it contains no prayer for an injunction. It has a prayer for discovery and for a summons to the next term of the court, but it does not ask that the suit at law may be stayed until the coming in of the answer. On this bill, as it was framed, the court below would

have erred in granting an injunction. No error is perceived in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*