## JOSEPH EDGINGTON, Admr.

### *v.*

## H. C. HEFNER *et al.*

1. RELEASE OF MORTGAGE LIEN *does not release debt on the note.* Where several notes, falling due at different times, are secured by a mortgage upon real estate, a release of the lien of the mortgage as to part of the land mortgaged, at the request of the mortgagor, and to enable him to sell free of the incumbrance, is not a release or discharge of the indebtedness evidenced by the notes.

2. Where notes are secured by a mortgage on real estate, and upon the maturity of a part of them the mortgagor sells a portion of the land, and the mortgagee releases his lien on the part sold, and receives the purchase money in payment of the notes then due, he does not thereby release his right to sue for and recover the amount of the other notes when they become due.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. POLLOCK & SAMPLE, for the appellant.

Mr. JOHN R. KINNEAR, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the circuit court of Ford county, brought by Joseph Edgington, administrator on the estate of Jacob George, deceased, plaintiff, against O. M. Hefner and

H. C. Hefner, defendants, on two promissory notes signed by them, payable to Jacob George, both dated May 27, 1867, and payable, one for five hundred dollars with ten per cent interest from date, six years after date, the other for three hundred dollars, with like interest, payable seven years after date. The general issue was pleaded, and also a plea of release and a plea of accord and satisfaction.

The cause went to the jury, who found for the defendants, and the plaintiff appeals.

It is unnecessary to notice all the points made in the record.

These notes, with others on shorter time, were given by the defendants to the payee for a tract of land in the State of Iowa, and a mortgage executed by them on the land to secure their payment.

The mortgagors sold portions of the land, the mortgagee consenting to a release of his lien upon the portions sold, and it is now claimed by the makers of these notes that such release operates as accord and satisfaction, and can be pleaded as such in bar of a recovery, and so the jury found, under instructions.

It seems to us the court misapprehended the nature of the case and the defense, as it has been the established doctrine of this court, at least, that a mortgagee is not confined to one remedy—that he need not look to the land mortgaged for satisfaction of his debt, but can proceed at once on the note and subject the general property of the maker thereof to the judgment; or he may bring ejectment on condition broken, or make peaceable entry, or file a bill in chancery for a strict or other foreclosure and sale; or, if he prefer it, he may sue out a *scire facias* when all the notes are due. *Vansant* v. *Allmon*, 23 Ill. 30; *Karnes* v. *Lloyd*, 52 ib. 113. But he can have but one satisfaction.

The idea, if a mortgagee release a portion of a tract of land to enable the mortgagor to sell it with a clear title, and on his request, as in this case, that the value of the portion released shall go in discharge, in whole or in part, of the mortgage debt, is a proposition having no authority to support it, and certainly not founded in justice.

The money the mortgagee received on the release was appropriated to the payment of the notes then due, and it paid them *pro tanto*. To say the notes not then due, and which are the notes in suit, were satisfied by this transaction, and that the holder must look to the land released, as that was the primary fund out of which the notes were to be paid, is saying that which has neither reason nor justice nor authority.

The cases referred to have no application to this case. The question of subrogation, or of payments in the inverse order of the alienations, has no place here. This is a suit for the recovery of the amount of two several promissory notes, secured by a mortgage. Argument in support of the right to recover seems superfluous. There is no sufficient evidence of any promise or agreement these notes should be paid by the release, and had there been it would be a promise without any consideration. The release was made expressly to accommodate the Hefners, to enable them to sell the land free from incumbrance, the mortgagee supposing the portion not released would be ample security. But, whether or not, he has done nothing, nor his administrator, to deprive him of his right to a judgment against the general property of the defendant.

There being no accord and satisfaction, or release shown, the judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*