# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1877.

## ABRAM A. WILLETT ET AL.

### v.

## THOMAS G. WOODHAMS ET AL.

1. PLEADINGS IN CHANCERY—PRAYER FOR INJUNCTION.—Where a proceeding is commenced in chancery for relief by way of injunction, the prayer for an injunction must not only be in the prayer for relief, but in the prayer for process.

2. ROADS—INJUNCTION TO RESTRAIN HIGHWAY COMMISSIONERS.—The jurisdiction of a court of equity to afford preventive relief by injunction, to restrain commissioners of highways from appropriating private lands to the use of the public for a highway, is undoubted. Proposed acts of this kind constitute a continuing trespass and may cause irreparable injury. Preventive relief by way of injunction, in cases of this character, is the primary equity, but the jurisdiction, in the first instance, must rest upon the necessity for an injunction, and if the threatened danger be not real, and its prevention urgent, the jurisdiction will not attach.

ERROR to the Circuit Court of Mercer county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

Messrs. BASSETT & WHARTON for plaintiffs in error; in support of the bill; cited Alexander et al v. Pendleton, 8 Cranch. 462; Rucker v. Dooley et al. 49 Ill. 377; Conklin v. Foster, 57 Ill. 104; Smith v. Hickman, 68 Ill. 314; Moore v. Munn,

(411)

69 Ill. 591; Couwell v. Watkins, 71 Ill. 488; Groves v. Webber, 72 Ill. 606; Phillips v. Pitts, 78 Ill. 72; Sea v. Morehouse, 79 Ill. 216; McIntyre v. Storey, 80 Ill. 127; Trustees, etc. v. Stewart, 43 Ill. 81; 2 Story's Eq. Jur. § 928; Eden on Injunctions, 259 ; The People v. City of St. Louis, 5 Gilm. 351.   Green v. Green, 34 Ill. 320, Rev. Stat. 1874, 913; Laws of 1877, 178.

Messrs. PEPPER & WILSON for defendants in error; that the survey was not evidence of the existence of a road, cited Gentleman v. Soule, 32 Ill. 271.

That a Court of Chancery will not assume jurisdiction to try questions of law to prevent a trespass:   Hamilton v. Stewart, et al. 59 Ill. 330.

PILLSBURY, J.—Bill in equity filed by the complainants, Abram A. Willett, Charles W. Swanson and William Fry, alleging that they respectively were owners of certain lands in Mercer county, and that there had been a trail or pathway used occasionally over said lands, varying from year to year as to location and use, for the period of eight or ten years prior to the year A. D. 1874, the lands prior to said year being vacant and unoccupied.   That in that year the said complainants enclosed their respective lands with substantial fences, erecting gates for their own convenience where said pathway crossed the line of their respective fences, and permitted other persons to pass through said gateways.

That in the year A. D. 1873, the commissioners of highways for Rivoli township, claiming that said pathway had been used as a public highway for twenty years, caused a survey to be made of the same by right of prescription, and caused the same to be recorded as a public highway.

The bill further alleges that Thomas G. Woodhams, Sidney Durston and J. G. Sexton, commissioners of highways for the township of Rivoli, are threatening to break down and remove the fences of complainants, and throw open their inclosures to the public; and that Thomas Surplus, pretending to act as overseer of highways or as agent of said commissioners, did on

the sixth day of August, A. D. 1877, remove the gates and fences that inclosed the said land of complainant, Abram A. Willett; and is threatening to remove it again, said Willett having rebuilt the said fences and gates. Alleges that there is no public highway over said lands either by location, dedication, prescription, or otherwise, and prays for answers, and that, upon final hearing, defendants may by decree be restrained from removing the gates and fences, and that said survey may be declared illegal and void.

Demurrer was interposed to said bill by defendants, which was sustained by the court and the bill dismissed, whereupon the complainants sued out the writ of error herein. The jurisdiction of a court of equity to afford preventive relief by injunction where commissioners of highways are threatening to appropriate a man's land to the use of the public for a highway, when there is no highway, is clear and undoubted. Green v. Green, 34 Ill. 320; McIntyre v. Story, 80 Ill. 127.

Proposed acts of this kind would constitute a continuing trespass and might cause irreparable injury, hence the necessity of the exercise of such jurisdiction. This jurisdiction must, however, in the first instance, rest upon the necessity for an injunction. Hilliard on Inj., sec. 9.

Preventive relief by way of injunction in case of tort, like waste and trespass, is the primary equity; and if the threatened danger be not real and its prevention urgent, the jurisdiction will not attach, but the party will be left to the courts of law to settle his legal right.

A party, therefore, seeking relief by way of injunction, must specifically pray for such relief, otherwise the court will not aid him. Lube's, Eq. Pl. page 74 ; Story Eq. Pl., sec. 41 ; Savory v. Dyer, Rob. 70 ; Wood v. Bradell, 3 Sim. 273 ; 2 Green's Ch. Sec. 245 ; Dan. Ch. Pr. pages 447 and 1834.

In Lewiston Falls Mfg. Co. v. Franklin Co. 54 Maine, 402, the bill alleged that the defendants stopped the water of the river from flowing to complainants' mills by closing gates and sluiceway erected by defendants above the mills of complainants, thereby wrongfully depriving complainants of the use of

said water, greatly to their loss and injury. Further, that respondents ought to be compelled forthwith to open said gates and sluiceway, and be forever restrained from closing the same; and opposing any other obstruction to a free and full flow of the water to their mills, by injunction. Prayer for answer and general relief.

Upon demurrer to the bill, the court say: "The only relief sought to be obtained by this bill is by way of injunction. The bill, however, does not specifically pray for an injunction. The law seems to be well settled in such case. The prayer for an injunction must not only be in the prayer for relief, but in the prayer for process."

"When a bill prays for relief by way of injunction, but does not pray for the process of injunction, the process cannot be granted."

These authorities are decisive of the question in this case. The bill here is for preventive relief without any prayer for injunction.

The court below properly sustained the demurrer, but under the admitted allegations of the bill we deem it advisable to so modify the decree of the court, that the dismissal of the bill shall be without prejudice to complainants if the defendants shall attempt to put their threats into execution.

The decree of the court will, therefore, be modified to that extent, and each party will pay their own costs in this court.

                                        Decree modified.