## North Chicago Street Railroad Co. v. Lemuel M. Ackley.

1. CHAMPERTY—*Contract to Pay a Portion of the Amount Recovered is Not.*—There is no law or public policy in this State which deprives a person claiming a right, from contracting to pay for legal services, in vindicating it, a stipulated portion of the thing, or of the value of the thing, when recovered, dependent solely upon such recovery, instead of paying or contracting to pay absolutely, a sum certain.

2. ATTORNEYS AND COUNSELORS—*Contingent Fees—Damage Suits.*— A person having a right of action for personal injuries sustained, may lawfully contract with an attorney at law to prosecute a suit for the recovery of damages for a contingent fee, to be paid from the amount recovered.

3. ASSIGNMENT—*Of a Right of Action—Effect Of.*—The assignment of an interest in a right of action for a personal injury which is to be prosecuted in the name of the assignor, with an agreement to assign a corresponding interest in the judgment which might be recovered in the future, is equivalent to an equitable assignment of the specified interest in the judgment the moment it is perfected, and binds all parties having notice or knowledge of the same.

4. ATTORNEY AND CLIENT—*Contracts Between—When Binding upon the Adverse Party.*—A person having a cause of action against a railroad company for personal injuries, contracted with an attorney to prosecute a suit for the same for a contingent fee of one-half the amount of the recovery, and agreed to assign one-half of the judgment when recovered. During the absence of the attorney from the court, the railroad company, with knowledge of the contract existing between the plaintiff and the attorney, compromised the action by allowing judgment for a sum certain to be entered against it, and satisfied the same by paying the full amount to the plaintiff. The plaintiff having failed to pay the attorney, and being insolvent, he brought suit against the railroad company for an amount equal to one-half of the judgment and recovered.

North Chicago St. R. R. Co. v. Ackley.

5. APPELLATE COURT PRACTICE—*Abandoned Points.*—A point which, under the assignment of errors, might have been raised by the appellant, but which was not, must be considered as waived or abandoned.

**Bill in Equity for Relief.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

EGBERT JAMIESON and VAN VECHTEN VEEDER, attorneys for appellants.

It is contended that the agreement in question is not an assignment of any portion of the fund expected to be recovered, but is a mere promise to pay " a sum · equal to one-half of the gross amount recovered or received," a promise which gives no lien in equity upon the fund. Bromwell v. Turner, 37 Ill. App. 563, and authorities cited; Story v. Hull, 143 Ill. 506; Trist v. Child, 21 Wall. (U. S.) 441; Lamont v. Railroad Co., 2 Mackey (113 D. C.) 507; Christmas v. Russell, 14 Wall. (U. S.) 70; Kusterer v. City of Beaver Dam, 56 Wis. 475; Rogers v. Hosack, 18 Wend. (N. Y.) 319; Hoyt v. Story, 3 Barb. (N. Y.) 262; Christmas v. Griswold, 8 Ohio St. 558; Ford v. Garner, 15 Ind. 298; Coughlin v. N. Y. C. & H. R. R. Co., 71 N. Y. 447; Humphrey v. Browning, 46 Ill. 485.

A right of action for personal injuries is not assignable. Chicago & Alton R. R. Co. v. Maher, 91 Ill. 314; Norton v. Tuttle, 60 Ill. 134; Prosser v. Edmunds, 1 Younge & Coll. 481; Ill. Land & Loan Co. v. Speyer, 138 Ill. 145; Rice v. Stone, 1 Allen (Mass.) 568; Linton v. Hurley, 104 Mass. 353; Coughlin v. N. Y. C. & H. R. R. Co., 71 N. Y. 446; Oliwell v. Verdenhalven, 26 N. Y. St. Rep. 116; Averill v. Longfellow, 66 Me. 237; Swanston v. Morning Star Mining Co., 13 Fed. Rep. 216; Central R. Co. v. B. & W. R. Co., 87 Ga. 388; Hunt v. Conrad, 47 Minn. 557.

The agreement sought to be enforced is maintenous and champertous. Thompson v. Reynolds, 73 Ill. 13; Phillips v. So. Park Comrs., 119 Ill. 636; Norton v. Tuttle, 60 Ill. 134; DeHoughton v. Money, 2 Ch. App. 169; Key v. Vattier, 1 Ohio 68; Goodrich v. Tenney, 44 Ill. App. 331;

Gillet v. Logan County, 67 Ill. 261; Sprye v. Porter, 7 E. & B. 58, 81; Powell v. Knowler, 2 Atk. 224.

L. M. ACKLEY, *pro se.*

It is contended that a person who has a right of action against a street railroad company for a personal injury, and not money enough to pay attorney's fees, can make a valid assignment of such cause of action or of any verdict or judgment that he may recover therein, to secure the fees of an attorney who is employed to enforce it. Citing Peoria Insurance Co. v. Frost, 37 Ill. 333; Lake Erie R. R. Co. v. Middlecoff, 150 Ill. 27; Over v. Lake Erie R. R. Co., 63 Fed. Rep. 34; Cunningham v. Evansville R. R. Co., 102 Ind. 478, and cases cited at 482; 1 N. E. Rep. 800; Crum v. Sawyer, 132 Ill. 443; Savage v. Gregg, 51 Ill. App. 281; Savage v. Gregg, 150 Ill. 161; Hodson v. McConnell, 12 Ill. 170, and other cases.

All rights of action for torts which survive to the personal representative, may be assigned so as to pass an interest to the assignee which he can assert in a civil action in his own name. Tyson v. McGuinness, 25 Wis. 656; Quin v. Moore, 15 N. Y. 432; Dininny v. Fay, Sheriff, 38 Barb. 18; Merrill v. Grinnell, 30 N. Y. 594; McKee v. Judd, 12 N. Y. (2 Kern) 622, and Waldron v. Willard, 17 N. Y. 466; Grant v. Ludlow, 8 Ohio St. 1; Robinson v. Weeks, 6 How. Pr. 161; Slawson v. Schwabaker, 4 Wash. St. 783; Pomeroy's Remedies and Remedial Rights, Secs. 146, 147, n. 1, 148, 149, 150.

Mere personal torts, which die with the party and do not survive to the personal representatives, are not capable of passing by assignment, and, conversely, a cause of action which does survive to a personal representative can be enforced in the name of an assignee. This test was laid down notably in Zabriskie v. Smith, 13 N. Y. 322; Bliss on Code Pleading, Sec. 37; Byxbie v. Wood, 25 N. Y. 707; Pomeroy's Equity Jurisprudence, Sec. 1275; R. R. Co. v. Henderson, 1 Lea (Tenn.) 1; Weire v. Davenport, 11 Iowa 49; National Exchange Bank v. McLoon, 73 Me. 498; Coughlin v. N. Y. Cent. R. R., 71 N. Y. 444; Hoyt v. Thompson, 1

Paige (N. Y.) 320; Fried v. N. Y. Cent. R. R. Co., 43 N. Y. Sup. Ct. 1; Whittaker v. N. Y. R. R. Co., 1886, 3 N. Y. State Rep. 537.

In Illinois, actions for personal injuries survive. Section 123, administration act, says: " In addition to the actions which survive by the common law, the following shall also survive : Actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance of themselves or their deputies, and all actions for fraud or deceit."

Under this statute and the reasoning of the above authorities a right of action for personal injuries is assignable. This has been expressly decided in Iowa were there is a similar statute. Vimont v. Chicago R. R., 21 N. W. Rep. 9; see also Zogbaum v. Parker, 66 Barb. (N. Y.) 341; Zogbaum v. Parker, 55 N. Y. 120; Murphy v. McGrath, 79 Ill. 594; Grant v. Ellis, 26 Mich. 201; Rogers v. Windoes, 48 Mich. 628; North v. Turner, 9 S. & R. 244; Butler v. R. R. Co., 22 Barb. 110; Purple v. Hudson R. R. R. Co., 4 Durr's N. Y. Supre. Ct. 79; R. R. Co. v. Freeman, 57 Tex. 156; Chauteau v. Boughton, 100 Missouri 406; Snyder v. R. R. Co., 86 Mo. 613; Rooney v. 2d Ave. R. R., 18 N. Y. 368; Christie v. Sawyer, 44 N. H. 298.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The bill alleges that complainant, the appellee, was an attorney at law; that one Mary Butler had received certain personal injuries, stating their nature, for which she had a right of action against the defendant, the appellant, for the prosecution of which she desired his legal services upon a contingent fee, and thereupon a written agreement between him and her was entered into, as follows :

" Whereas, on or about the 7th day of July, A. D. 1891, Mrs. Mary Butler received certain personal injuries through

an accident caused by the negligence of certain employes of the North Chicago Street Railroad Company, and desires to enforce payment of damages for said injury, without advancing attorney's fees therefor, it is agreed by and between said Mrs. Mary Butler and L. M. Ackley, attorney at law, that said Ackley shall take exclusive charge of said matter, and prosecute such parties as he may deem liable for said injuries, and begin and prosecute diligently to final settlement such suits or legal proceedings as he may deem necessary, and shall receive for his services under this contract a sum equal to one-half the gross amount recovered or received on account of said injuries; and to secure payment of said fee the said Mrs. Mary Butler hereby assigns to said Ackley and his assigns one-half of said right of action, and agrees to assign in proper legal form in writing, upon request, one-half of any verdict or judgment which may be had or recovered by reason of said accident and injury, court costs and actual necessary expenses to be advanced by Mrs. Mary Butler, who also agrees not to compromise or settle said claim, or to have any dealings with any person in reference thereto, other than said attorney. In the event of a settlement of said claim before the aforesaid case is on trial call, the charge for services shall be less than one-half, in proportion to the work done up to the date of such settlement.

MARY BUTLER.     [SEAL.]<br>L. M. ACKLEY.     [SEAL.]

Dated Chicago, September 2, 1891."

A collateral agreement between complainant and said Butler with reference to the employment of associate counsel to work with him in the case, and that associate counsel was engaged by complainant, for whose services complainant had become liable, was also alleged.

It was alleged, also, that on the next day after the making of said agreement, and in reliance thereon, the contemplated suit was begun by the complainant, and that from that time on for a space of more than two and a half years, complainant spent much time and rendered necessary and

important services, setting them forth, in connection there-
with; that finally said cause was reached on the call of the
calendar, and on complainant's motion was set for trial; that
while on the trial call, and awaiting its turn for trial, the
defendant, appellant, through its attorneys, without the
knowledge or consent of appellee, settled the cause with said
Butler, called up the case out of its order, and had judgment
entered therein against appellant and in favor of said But-
ler, for $3,750 and costs, and paid the same to said Butler,
and had said judgment satisfied of record, all of which it is
alleged was done in fraud of appellee's rights.

It is also alleged: " That prior to the making of said
settlement and payment of $3,750 to said Mary Butler, said
North Chicago Street Railroad Company had full knowledge
and notice of said contract in writing, of the employment
of associate counsel and of the services rendered as afore-
said, and of the complainant's rights under said contract."

The bill further alleges that said Mary Butler has in-
formed complainant that she has none of the money that was
so paid to her, and that she is insolvent, and that his rights
will be wholly lost unless his contract and said assignment
are enforced against the defendant, the appellant, and prays
that the appellant be decreed to pay him the one-half of
said judgment so recovered against appellant by the said
Butler.

The defendant, appellant, was defaulted, and a decree *pro
confesso* entered against it for $1,875, being one-half of the
judgment aforesaid.

Upon this appeal it is urged, on the part of appellant, that
a right of action for personal injuries is not assignable; that
the right of action has become merged in the judgment,
which remains satisfied of record; that the agreement be-
tween appellee and Mary Butler is not an assignment of any
portion of the fund expected to be recovered, but is a mere
promise or personal covenant to pay, or assign, which gives
no lien in equity upon the fund; that the agreement is
champertous; and that the affidavit to the bill is of no legal
effect.

The bill was one that need not have been sworn to. Whether, therefore, the affidavit to it was sufficient in law is of no consequence. If the allegations in the bill were sufficient, the confessing of them, whether they were sworn to or not, justified a decree in accordance with them.

It was said in Newkirk v. Cone, 18 Ill. 449, that our statute (Section 27, Chap. 38, Hurd's Revised Statutes), defining and providing for punishment of maintenance, under which general name champerty is embraced, seems to have abolished the common law offense, with its divisions and distinctions, and to have substituted, in its stead, a statutory offense under the general name of maintenance; and the holding, in that case, that there is "no law or public policy in this State which would deprive a person claiming a right, from contracting to pay for legal services in vindicating it, a stipulated portion of the thing, or of the value of the thing, when recovered, dependent solely upon such recovery, instead of paying, or contracting to pay, absolutely, a sum certain," has never to our knowledge been certainly receded from.

A possible distinction might exist if the attorneys were to agree to carry on the litigation " at their own cost and expense." Phillips v. So. P. Commissioners, 119 Ill. 626.

The same element, that the attorney agreed to " pay all necessary expenses " in prosecuting the claim, existed in Thompson v. Reynolds, 73 Ill. 11, where Newkirk v. Cone is reviewed and distinguished from that case, but not necessarily overruled.

Smith v. Young, 62 Ill. 210, was a case where the Supreme Court upheld the contract, although the attorney there agreed to pay " all necessary expenses and costs himself."

We agree that the decisions in this State seem to vacillate upon the question, but without indulging in an extended review and comparison of them, it appears to us that no one of them go so far as to hold that a contract like the one in question is void as being champertous, and we are not inclined to go to that extent. Dunne v. Herrick, 37 Ill. App. 180.

The changed conditions and better civilization of to-day as compared with what existed in England, when the common law rule prevailed, afford reason, as held in many States, for the material restriction of that doctrine. Clark's Criminal Law, Chap. XIII, p. 324.

As said in Newkirk v. Cone, *supra:* " The suitor may be unable to pay in advance and without credit, or he may deem such an arrangement (for a contingent fee) most prudent and best calculated to insure vigilance on the part of his counsel; and if he has a cause of action, the courts are and should be open for its legal prosecution."

The other contentions of the appellant require but slight mention in the view we take of what was done and agreed to be done by Mary Butler, by the terms of said agreement with appellee.

Whatever may be the law with regard to the assignability of a right of action for a personal injury, concerning which there are numerous authorities of great weight on both sides, there ought not to be much dispute that the assignment in this case of an interest in the right of action, which was to be prosecuted in her name, together with an agreement to assign a corresponding interest in the judgment which should be recovered in the future upon such right of action, worked an equitable assignment of the specified interest in that judgment the moment the judgment was perfected, upon the principle that in equity that which is agreed to be done will be considered as done. 1 Story's Eq. Juris., Sec. 64 g; Freeman on Judgments (12th Ed.), Sec. 425.

" An equitable assignment is such an assignment as gives the assignee a title which, though not cognizable at law, equity will recognize and protect," and to support such an assignment there must be an actual appropriation of the fund, or of some designated part, proportion or per cent of it. Story v. Hull, 143 Ill. 506.

We think there was here, what was equivalent, in equity, to an assignment of a definite proportion of the judgment that was recovered, and that if the appellant had notice of

such assignment, the payment of the whole judgment to Mary Butler was made at its risk.

Whether there was a sufficient allegation of notice to appellant of the rights of appellee under the contract in question, is a serious question with us.

The allegation of notice was as hereinbefore quoted, and omits all mention of to what agent or officer of the appellant corporation notice was given. Evans v. Schriver Laundry Company, 57 Ill. App. 150; Primmer v. Patten, 32 Ill. 528; Newell v. Board of Supervisors, 37 Ill. 253; Trustees of Schools v. Otis, 85 Ill. 179; Schultz v. Plankinton Bk., 40 Ill. App. 462.

But as the appellant has not argued, nor even alluded to the question of want of notice, in its brief, we will presume that, even though the errors assigned are sufficient to cover it, the question is waived, or abandoned. W., St. L. & P. Ry. Co. v. McDougal, 113 Ill. 603; City of Mt. Carmel v. Howell, 137 Ill. 91.

The decree of the Superior Court will therefore be affirmed.

MR. PRESIDING JUSTICE WATERMAN.

The contract of assignment upon which the decree in this cause is based is not, in my judgment, such a one as the law favors or a court of equity will enforce against persons not parties thereto.

The contract is not of claim or right of action against any particular person, but is of a roaming nature, authorizing the attorney to go forth " seeking whom he may devour," and to bring and prosecute diligently to final settlement, not judgment, " such suits or legal proceedings as he may deem necessary." It is manifest that if this instrument be valid and enforcible, its validity has not yet been exhausted, and who may be the next victim of this omnivorous power of attorney no one can tell.

Neither public policy, courts of law or equity have ever leaned to the fomenting of litigation or to the discouragement of settlements out of court.

So far as there is any definiteness in the contract under

consideration, it would seem to be of a right of action against " certain employes of the North Chicago Street Railroad Company," by whose negligence, not that of the Street Railroad Company, an accident to Mrs. Mary Butler, it is said, was caused.

One-half of this right of action Mrs. Mary Butler purports to assign, and " agrees not to compromise or settle said claim or to have any dealings with any person in reference thereto, other than said attorney."

Rule C. C. C. C. expressed in Greenhood on Public Policy, page 474, is: " A contract by which the control of the party in interest over litigation carried on in his behalf, is limited, is void." Boardman v. Thompson, 25 Iowa 487; Elwood v. Wilson, 21 Iowa 523; Lewis v. Lewis, 15 Ohio 715.

It is urged that if contracts of this kind are not sustained, then whoever may receive an injury through the negligence of another will be remediless.

How this follows is not explained, unless counsel mean to insist that every poor person who receives a personal injury is dishonest, and that no lawyer can or will rely upon the promise of such person to pay him a fair fee for successfully prosecuting his claim to judgment.

That a rule of law should be established by which the army of small employers, farmers, grocers and others, the multitude of individuals who must engage and become liable for the negligence of servants, are to find in each case, great and small, petty and important, that all right of honest, fair and just settlement with an injured party has been contracted away to professionals, is not to my thinking in accordance with the welfare of the injured individual, the State, or sound public policy.