# American Fine Art Company et al. v. Edward W. Voigt.

1. INJUNCTIONS—*What the Bill Should Contain.*—A bill for an injunction should contain a prayer therefor in the prayer for process as well as in the prayer for relief.

2. SAME—*To Enjoin Judgment—Sec. 8, Chap. 69, R. S.*—Section 8 of chapter 69 of the Revised Statutes, provides that before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein, in double the amount of such judgment, with sufficient surety approved by the court, judge or master, conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed. Opinion filed October 24, 1902.

C. C. H. ZILLMAN, attorney for appellants.

CURTIS H. REMY, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellee filed his bill against the American Fine Art Company and others, alleging that the 16th day of May, 1902, appellee caused to be entered against him, appellee, in the Circuit Court of Cook County, a judgment for $24,991.75, and obtained without notice and without bond an injunction as follows:

" We, therefore, in consideration thereof, and of the particular matters in said bill set forth, do strictly command you, the said Christian C. H. Zillman, American Fine Art Company, a corporation, Ernest J. Magerstadt, sheriff, and the persons before mentioned, and each and every of you, that you do absolutely desist and refrain from selling, assigning or transferring a certain judgment in cause No. 225,426 in this court for $24,991.75, recovered May 16, 1902, or any part thereof, or from issuing execution thereon or taking any steps to collect the same, or from substituting of record other counsel to act for said American Fine Art Company with reference to enforcing said judgment against complainant or from interfering with his person or property."

The following day, the bill as to Ernest J. Magerstadt, sheriff, was dismissed, so that as the cause comes to this court the injunction is only against the American Art Company and Christian C. H. Zillman.

Section 8 of Chapter 69 of the Revised Statutes provides:

" Before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein, in double the amount of such judgment, with sufficient surety approved by the court, judge or master, conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved."

Appellee contends that the aforementioned judgment is not enjoined.   An injunction is always personal, that is to say, some person, natural or artificial, is forbidden to do something.   The language of the statute is, " before an injunction shall issue to enjoin a judgment."

In the present case the plaintiff in the judgment is not only enjoined from selling, assigning or transferring the judgment, but from issuing execution thereon or taking any steps to collect the same, and from substituting of record other counsel to act for said American Fine Art Company, with reference to enforcing said judgment against complainant or from interfering with his personal property. This is clearly such an injunction as the statute provides shall not be issued without bond to the plaintiff in double the amount of the judgment, with approved surety, conditioned for the payment of all moneys and costs due to the plaintiff in the judgment in case an injunction is dismissed.

The contention of appellee that the only effect of the injunction is to restrain the bringing of another suit in Michigan by enjoining appellant from getting a transfer in the Circuit Court of Cook County upon which to base said suit, is unwarranted.

The bill does not contain any proper prayer for such injunction as was issued.   The prayer of process is merely that the usual writ of summons may issue against the defendants.   A bill for an injunction should contain a prayer therefor in the prayer for process as well as in the prayer for relief.   Willett et al. v. Woodhams et al., 1 Ill. App. 411; Primmer v. Patten, 32 Ill. 528.

It is questionable whether it sufficiently appeared from the bill or affidavit accompanying the same that the right of the complainant would be undoubtedly prejudiced if an injunction was issued without notice.   This is, however, now quite immaterial.

For the failure to file bond as required by statute, the order of the Circuit Court granting an injunction is reversed.