WILLIAM SANDIFER *et al.*

*v.*

CLEVELAND B. SANDIFER *et al.*

*Opinion filed October 23, 1907.*

1. PLEADING—*what averment is not sufficient to raise an issue as to delivery of deed.* An averment in a partition bill that the complainants have been informed that a certain deed had not been delivered and praying that the question of delivery be inquired into, is not sufficient to present an issue upon that question without a further allegation of the complainant's belief in the truth of the information and charging the fact accordingly.

2. DEEDS—*what does not limit a fee simple estate.* A statutory form of a warranty deed conveys a fee simple estate to the grantee, which is not reduced to a life estate by a clause providing that "it is agreed by and between the parties, grantor and grantee, that upon the death of the parties hereto the estate of the parties hereto, both real and personal, shall be divided in severalty among our legal heirs, equally."

APPEAL from the Circuit Court of Franklin county; the Hon. E. E. NEWLIN, Judge, presiding.

F. M. YOUNGBLOOD, and BENJAMIN W. POPE, for appellants.

WILLIAM H. WARDER, WILLIAM A. SCHWARTZ, E. E. DENISON, and WILLIAM H. HART, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellants filed their bill for partition in the circuit court of Franklin county against the appellees, in which they alleged that Robert Sandifer, during his lifetime, was the owner in fee simple of certain real estate therein described, and that being in feeble health, he and his wife, Martha, were desirous of arranging their affairs so that the survivor might have the use of the property of which either might

die seized, during the life of the survivor, and for that purpose, on December 6, 1887, he made a deed to his wife, the material parts of which are as follows:

"The grantor, Robert Sandifer, of Six-mile township, in the county of Franklin and State of Illinois, for and in consideration of natural love and affection and one dollar in hand paid, convey and warrant to Martha Sandifer, of Six-mile township, county of Franklin and State of Illinois, the following described real estate, to-wit:    *    *    *    It is hereby agreed by and between the parties, grantor and grantee, that upon the death of the parties hereto that the estate of the parties hereto, both real and personal, shall be divided in severalty among our legal heirs, equally."

The bill alleged that this deed was acknowledged by the grantor on the day it bears date but was not acknowledged by his wife until December 2, 1893.; that complainants are not advised as to whether or not the deed was ever delivered to Martha Sandifer, but state that since her death they have been informed that it was never actually delivered to her in the lifetime of her husband, and therefore the complainants pray that the question of the delivery of said deed may be inquired into by the court; that even if said deed was delivered during the lifetime of Robert Sandifer, it is clearly manifest from its face that the only purpose of the deed was to create a life estate in Martha Sandifer, to terminate at her death; that Robert and Martha Sandifer continued to live together as husband and wife until about December 2, 1893, when Robert Sandifer died intestate, leaving the complainants, his nephews and nieces, his only heirs-at-law; that at the time of his death he and his wife were occupying the premises as a homestead, and Martha Sandifer continued to occupy the same until her death, in the spring of 1905 or 1906; that as to whose possession said deed has been in after its acknowledgment by Martha Sandifer complainants are not fully advised, but aver that they are informed that said deed, during all this time and up to the

death of Robert Sandifer, has remained among his papers and has never been actually delivered to Martha Sandifer, and was found after the death of Robert Sandifer and placed on record, and that upon the death of Martha Sandifer her estate or interest in the real estate terminated. It is alleged that appellee Cleveland B. Sandifer claims to be an adopted child of Martha Sandifer, and as such to have an interest in the premises, and he and the other appellees, who are alleged to claim an interest as grantees of Martha Sandifer or Cleveland B. Sandifer, are made defendants. A general demurrer to the bill was sustained, the bill dismissed for want of equity, and an appeal has been prosecuted to this court.

The allegations of the bill are insufficient to raise the question of the delivery of the deed. It nowhere states positively, or even upon information and belief, that the deed was not delivered. The strongest averment is, that complainants have been informed that the deed was never actually delivered to Martha Sandifer. No material issue could be made on this averment. It should have gone further and alleged complainants' belief in the truth of the information and charged the fact accordingly. *Primmer* v. *Patten & Co.* 32 Ill. 528.

Appellants contended that the deed conveyed only a life estate to Martha Sandifer and made no disposition of the fee. It is in the statutory form of a warranty deed, and must be held to convey an estate in fee simple unless a less estate is limited by express words or appears to have been granted by construction or operation of law. (1 Starr & Cur. Stat. chap. 30, secs. 9, 13, pp. 923-925.) The words used do not purport to limit the estate granted. They do not refer specifically to the lands conveyed by the deed, but generally to all property, real and personal, which the parties might own at death. They constitute a covenant between the parties but do not affect the estate conveyed. This clause is properly considered in connection with the

whole deed in determining the estate granted, but when so considered it does not appear to have been intended to limit the estate or reduce it to less than the fee simple.

The decree is affirmed.

*Decree affirmed.*