**Guarantee Trust & Savings Bank of Chicago, Appellant, v. Mathilda Carlson and Mabelle A. Carlson, Appellees.**

### Gen. No. 30,865.

1. INJUNCTIONS—*propriety of issuance without bond to restrain enforcement of judgment.* Cahill's St. ch. 69, ¶ 9, does not authorize the issuance of an order enjoining enforcement of a judgment without the giving of a bond as required by paragraph 8 of that chapter, notwithstanding the order of the court recites that the giving of the bond is dispensed with "for good cause shown."

2. INJUNCTIONS—*sufficiency of petition to show ground for issuance to restrain enforcement of judgment.* No ground is shown for the issuance of an injunction restraining enforcement of a judgment at law against petitioners based upon their notes by allegations that there is pending a suit by the judgment creditor to foreclose a trust deed securing such notes; and that petitioners have a good defense in equity against such notes in that they were obtained from them by fraud and circumvention, of which defenses the judgment creditor had notice, no facts being stated showing wherein the alleged fraud was practiced.

FITCH, J., specially concurring.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1926. Reversed. Opinion filed March 16, 1926.

PHILIP GOTHBERG and O. D. OLSON, for appellant.

DAVID SWANSON and JOHN E. ERICKSON, for appellees; FREDERICK J. BERTRAM, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On February 28, 1925, the complainant bank filed its bill in said circuit court against appellees and others to foreclose two trust deeds, securing two notes, for $8,000 and $4,000 respectively, signed by appellees. During the pendency of the foreclosure suit appellees, on November 18, 1925, filed a petition therein praying for an injunction, and on the following day, after notice, the court issued a temporary injunction, restraining the complainant bank, its agents, attorneys, etc., until further order, "from further prosecuting the suit at law and proceedings pending in the Municipal Court of Chicago, entitled and known as *Guarantee Trust & Savings Bank of Chicago v. Mathilda Carlson and Mabelle A. Carlson,* No. 1,405,-756;  *  *  *  from in any manner collecting, enforcing or attempting to collect or enforce the judgment rendered in said Municipal Court in said suit at law and proceedings;  *  *  * 'from levying upon the real estate of the petitioners,  *  *  *  and from doing any act or thing in prosecution or in furtherance of said proceedings in said Municipal Court." In the injunctional order it is stated that "for good cause shown, it is ordered that said injunction and restraining order issue without bond." It is sought by this appeal to reverse the order.

In appellees' petition, after reciting the filing by the bank of the bill to foreclose and the entry of their appearance in the cause and the pendency thereof, it is alleged in substance that the bank claims to be the owner of said two notes, which were executed by them; that, notwithstanding the bank had submitted itself to the jurisdiction of the circuit court and had prayed in its bill for the assistance of that court in the enforcement, by foreclosure proceedings, of its claim against petitioners (appellees), yet, subsequently, on October 29, 1925, it filed a suit at law, No. 1,405,756,

in said municipal court against petitioners for the collection of said $4,000 note, and on October 30, 1925, procured a judgment for $4,610 to be entered by confession on said note against petitioners in said municipal court; that the bank is now threatening to proceed to enforce said judgment by levy upon petitioners' real estate, and will do so unless restrained; that petitioners have in equity a good defense to said note, upon which judgment has been entered, and a good defense to the same in the present foreclosure proceedings; that said note, as well as the $8,000 note, was obtained from petitioners "by fraud and circumvention," and petitioners "have received no consideration therefor"; that, as petitioners are informed and believe, both notes and the alleged trust deeds were deposited with the complainant bank "as collateral security upon a personal note or obligation of one David Miller, who obtained said alleged notes and trust deeds from petitioners by fraud and circumvention"; that petitioners are not informed as to the details of the transaction between said Miller and the bank, but they allege that the bank had notice or knowledge of facts which in law were notice to it of the said fraud of said Miller and of the want of consideration for the notes and of petitioners' equitable defenses; that if the bank is entitled to any relief as to said notes it can obtain as full and complete relief in the present foreclosure proceedings as it could obtain from the proceedings in the municipal court, and that, therefore, the bank will not be prejudiced by the granting of an injunction against it, which injunction should be issued without bond; that the said real estate sought to be foreclosed by the bill is the only real estate owned by petitioners and is their homestead; and that, unless an injunction issue as prayed, petitioners' rights will be greatly prejudiced and they will suffer irreparable injury, etc. The injunction

granted was substantially the same as that prayed for.

We are of the opinion that the order for the injunction was improvidently and erroneously made, because petitioners were not required to give a bond to the bank in accordance with the provisions of section 8 of the Injunction Act (Cahill's Stat. 1925, chap. 69, ¶ 8). The injunctional order restrains the bank "from in any manner collecting, enforcing, or attempting to collect or enforce the judgment" above mentioned, and "from doing any act or thing in prosecution or in furtherance of said proceedings in said Municipal Court." It is provided in said section 8 of the Act that "before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein in double the amount of such judgment * * * conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved." It has frequently been held that it is error to issue an injunction enjoining the collection or enforcement of a judgment without requiring the moving party to give such a bond. (*Packer v. Roberts,* 44 Ill. App. 232, 233; *Stirlen v. Neustadt,* 50 Ill. App. 378, 380; *American Fine Art Co. v. Voigt,* 103 Ill. App. 659, 661; *Grossman v. Davis,* 117 Ill. App. 354, 356.) It is probable that the court ordered that the injunction in question "issue without bond," because of the provisions of section 9 of the Injunction Act [Cahill's St., ch. 69, ¶ 9], but we do not understand that the provisions of that section apply where the injunction sought is one to enjoin a judgment. Furthermore, we do not think that appellees stated such a case in their petition as entitled them to the injunction as issued. A creditor by note and mortgage has several remedies, either or all of which he may pursue until his debt is satisfied; he may sue at law on the note and proceed to enforce

the mortgage in equity, both at the same time, although, of course, he can have but one satisfaction. (*Vansant v. Allmon*, 23 Ill. 30, 33; *Edgington v. Hefner*, 81 Ill. 341, 342; *Palmer v. Harris*, 100 Ill. 276, 279.) Appellees charge in their petition that the $4,000 note was obtained by "fraud and circumvention," but no facts are stated showing wherein fraud was practiced.

For the reasons indicated the order of the circuit court is reversed.

*Reversed.*

BARNES, P. J., concurs.

MR. JUSTICE FITCH specially concurring: I agree with the conclusion reached in the foregoing opinion, but not in what is said as to the necessity of giving a bond where, as here, the order recites that "for good cause shown" the injunction shall issue without bond. I think sections 8 and 9 of the Injunction Act must be read together, and that the proviso at the end of section 9 applies to all cases, whether mentioned in section 8 or section 9. In none of the cases cited was this question raised.