# The Philadelphia and Baltimore Central Railroad Company *versus* Johnson.

1. A corporation issued bonds payable at a distant date with interest coupons payable semi-annually, and agreed that upon three successive defaults in payment of interest the principal should become due. The bonds were secured by a mortgage in which it was provided that the trustees in it, should sell the mortgaged property at the request of the holders of $100,000 in the bonds. *Held*, that this provision in the mortgage was no defence to a suit on the bonds after a breach of their condition.

2. The bond was the principal debt; the mortgage the incidental security: their peculiar remedies do not clash with each other; they co-exist.

3. The coupons were deliverable only on payment; an affidavit of defence not alleging payment or readiness and willingness to pay is insufficient.

4. The coupons were payable at a particular place, it was necessary to a complete defence to allege in the affidavit, that the company was ready at that place to pay, but that they had never been presented.

5. Payment is a matter of defence between debtor and creditor, and must be shown by positive acts.

6. Coupons payable at a particular place import that the debtor will have a deposit at the time and place specified, to answer: without showing that such a fund was provided, it is no defence to allege a want of demand.

January 18th 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

Error to the District Court of *Philadelphia*.

This was an action of debt, commenced May 29th 1866, by John G. Johnson against the Philadelphia and Baltimore Central Railroad Company. The cause of action was on six bonds of defendants, amounting together to $1400, dated February 15th 1859, to Ezra Bowen and George S. Fox, or bearer, payable at the office of the company in Philadelphia, January 1st 1879, and interest at the rate of 7 per cent. per annum, payable semi-annually on presentation of the proper coupon annexed to the bonds; being part of a series of similar bonds, secured by a mortgage of same date to said Bowen and Fox: with an agreement that if the company should be in default in three successive semi-annual payments, the principal of the bonds should become due.

Copies of the bonds and coupons from 1863 to 1879 were filed by the plaintiffs, together with the suggestion, that the defendants have been and are in default for three successive times in payment of interest on the bonds for which " payment having been demanded according to the tenor thereof, the principal sums of the said several bonds on which this suit is brought are, therefore, now due and payable respectively ; and the plaintiff claims to recover the said several principal sums of the said bonds so held by him, and the amount of all interest warrants or coupons now due and interest thereon. Plaintiff claims on no bonds or coupons other than those which he holds and of which he has

[Philadelphia and Baltimore Central Railroad Co. *v.* Johnson.]

filed copies, and limits his averment of default in the payment of the semi-annual interest to them."

The defendants made the following affidavit of defence :—

"The copies filed are of coupons attached to certain mortgage bonds issued by the defendants under a mortgage executed by them of date February 15th 1859, by which they mortgaged 'all the road, property, &c.' * * By its terms a remedy is provided for collection of the coupons which is exclusive of the right of the bond-holders to sue at law, said remedy being given in these words :—

"In trust that the said parties of the second part or their successors, at the written request of the holder or holders of not less than $100,000 in amount of any of said bonds due and unpaid, whether the same shall have become due by lapse of time, and the expiration of their term of credit, or by three successive defaults in the payment of the semi-annual interest, as therein mentioned, shall cause all the mortgaged premises and appertenances to be sold at auction in the city of Philadelphia."

And defendants are advised that the plaintiff, being the holder of the bonds under said mortgage, is bound to resort to that remedy for payment of his coupons, and deponent further saith, that the coupons held by plaintiff were never delivered to defendants as required by the terms of said bonds, and that payment thereof was in no case demanded upon the day of the maturity of said coupons or any of them. * * * * *

That the copies filed do not entitle the plaintiff to judgment, that the same contain no promise or engagement to pay to plaintiff any sum of money."

Judgment was entered against the defendants for want of a sufficient affidavit of defence, and the damages assessed at $1530.29.

So entering judgment was assigned for error.

*J. E. Gowen*, for plaintiffs in error.—The parties have agreed upon a mode of enforcing payment of the bonds : they must resort to that, and cannot resort to a suit on the bond : Bradley *v.* Chester V. Railroad, 12 Casey 154 ; Ashurst *v.* Montour Iron Co., 11 Id. 30. Equity would restrain an execution on such judgment, and compel the trustees to sell. Equity will not enforce a penalty or forfeiture : 1 Story's Eq., § 1319. A party claiming a forfeiture must show strict compliance with the conditions on which it depends: McCormick *v.* Connell, 6 S. & R. 151.

The affidavit of defence is sufficiently distinct: Leibersperger *v.* Savings Fund, 6 Casey 531 ; Imhoff *v.* Brown, Id. 504.

*E. S. Miller* and *W. F. Judson*, for defendant in error.—The

remedy in the mortgage is only cumulative : Mendenhall v. W. C. Ph. Railroad, 12 Casey 145 ; Bradley v. Chest. V. Railroad, Id. 154.

Parties may make time of the essence of the contract ;—here the object was to secure prompt payment at all times : Noyes v. Clark, 7 Paige Ch. R. 180 ; Ottawa Plank Road v. Murray, 15 Ills. 337 ; Baldwin v. Van Vorst, 2 Stockton Ch. R. 577 ; Haxton v. Bishop, 3 Wend. 21 ; Wolcott v. Santvoord, 17 Johns. R. 254 ; Brabston v. Gibson, 9 Harris 263.

Bringing a suit is a sufficient demand : Hamilton v. Coulson, 1 Wilson 33 ; Norton v. Ellam, 2 M. & W. 461.

The opinion of the court was delivered, May 13th 1867, by

WOODWARD, C. J.—No misconception can be more complete than that which proposes our ruling in Ashurst v. Montour Iron Company, 11 Casey 30, and in Bradley v. The Chester Valley Railroad Company, 12 Casey 154, as a defence to the present action. These were bills in equity, the first by the trustees in a corporation mortgage, asking us to decree a sale of the mortgaged premises which they had power to make without our decree ; the other, a suit by bondholders to compel the trustees to sell the premises for non-payment of interest on the bonds. We declined jurisdiction in both cases, in Ashurst's, because our equity powers did not extend to such a case as the bill presented ; in Bradley's, because no part of the principal debt was due, and no power of sale was contained in the mortgage for failure to pay interest, but another and independent remedy for that default. The defect of jurisdiction pointed out in Ashurst's case has since been remedied by statute, but what had the ruling in either of these cases to do with an action at law upon the *bond* of the corporation ? This was an action of debt on bonds, and if there was a breach of condition, the fact that a mortgage had been given as security for the debt with trusts and covenants, which a court of equity would control and enforce in a proper case, afforded not a shadow of defence. The bond was the principal debt, the mortgage the incidental security. Remedies peculiar to each exist, both in law and equity, but they do not clash and destroy each other, they co-exist.

Under the mortgage, the power of the trustees to sell for breach of condition of the bonds, is upon the written request of the holders of not less than $100,000, in amount of said bonds, but this is not a proceeding by the trustees upon the mortgage, and therefore, that limitation is irrelevant.

On the face of the record the plaintiff had a good cause of action, and the main defence suggested in the affidavit was no answer to it.

The affidavit also alleges that the " coupons held by plaintiff were never delivered to the defendants as required by the terms

4 P. F. SMITH—9

[Philadelphia and Baltimore Central Railroad Co. *v.* Johnson.]

of said bonds, and that payment thereof was in no case demanded upon the day of the maturity of said coupons, or any of them."

The coupons were deliverable only on payment, and no payment, or even readiness and willingness to pay is alleged. Nor is it denied that they were presented after the day of payment. They were payable at the office of the company in Philadelphia, and it was necessary to a complete defence, to allege that the company was ready at that place to pay, but that the coupons had never been presented. Payment is matter of defence as between debtor and creditor, which must be shown by positive acts.

Coupons payable at a particular office, are like notes payable at a specified bank, and import that the debtor will have a deposit at the time and place specified, to answer what is substantially a draft on the fund. Without showing that such a fund was provided, it was no defence to allege a want of demand.

The judgment is affirmed.