# Montgomery County Agricultural Society *versus* Francis et al.

An action will lie by one bondholder against a corporation for interest due on a bond, although the principal is not yet due, and notwithstanding the fact that the mortgage securing the bond provides that upon default in payment of interest, the trustees to whom the mortgage was executed shall, at the request of the holders of a certain amount of bonds, proceed, by writ of scire facias, to collect the interest and principal of the debt for the benefit of all the bondholders equally.

April 18th 1883.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common pleas of *Montgomery county :* Of January Term 1883, No. 139½.

This was an action by Charles W. Francis and A. A. Carn, executors of Robert Francis, deceased, to recover interest due upon two bonds for $500 each, entitled "Seven per cent. loan, secured by mortgage on real estate" issued by the Montgomery County Agricultural Society.

On the trial, the plaintiff offered in evidence the charter of the corporation defendant, the bonds in suit, and the mortgage given to trustees to secure the same, and rested.

By the Act of incorporation of March 13th 1870, P. L. 699, and the supplement thereto, of March 27th 1873, P. L. 442, the corporation defendant was authorized to issue the bonds in question, and to secure the same by a trust mortgage on their real estate, etc.

The bonds were dated March 31st 1873, payable July 1st 1883, " or at the expiration of five years from the date hereof, at the option of said society," with " interest thereon, at the rate of seven per cent. per annum, payable semi-annually on the first days of July and January in each year."

The said mortgage provided, inter alia, that in case of default in paying the semi-annual interest, or the principal, of the said bonds, as the same should fall due, the trustees should, upon the request in writing of the holders of said bonds to an amount of not less than $2,000, notify the society of such breach, and, after the lapse of six months, issue a scire facias on said mortgage, and proceed to judgment and execution, etc., for the purpose of paying the interest due on said bonds, and the principal thereof pro rata.

The defendant contended that the bond and mortgage constituted together one contract, and the specific remedy provided should be followed. They therefore requested the court to charge that the plaintiffs were not entitled to recover in this action.    Refused.

[Murphy *v.* Philadelphia Trust Co.]

The court instructed the jury to find for the plaintiffs. Verdict accordingly for the plaintiffs, for $175, and judgment thereon. The defendant took this writ, assigning for error the refusal of their point, and the direction of the court to the jury.

*Charles Hunsicker*, for the plaintiff in error.—The plaintiff must pursue the remedy provided in the contract, which enures to the benefit of all the bondholders equally. He cannot obtain a preference by this action which would divert the scheme of distribution to which he is bound by the terms of the contract: Harris *v.* Ligget, 1 W. & S. 305; Lauman *v.* Young, 7 Cas. 310. A sale of the real estate under an execution on the judgment in this action would divest the lien of the mortgage, and thus deprive the other bondholders of their security, to prevent which was the principal object of the contract.

*George W. Rogers*, for the defendant in error.

The opinion of the court was filed May 14th 1883.

PER CURIAM. In addition to the specific sum agreed to be paid at the expiration of five years from the date of the obligation, there was the additional agreement to pay the interest thereon semi-annually on the first days of July and January in each year. It is true the mortgage does stipulate under what facts a scire facias may issue thereon to collect the principal or interest, yet it does not make such proceeding the only remedy. Although the principal be not now due and payable, yet an action lies for the interest which is due: Greenleaf *v.* Kellogg, 2 Mass. 568; Cooley *v.* Rose, 3 Id. 221; 2 Parsons on Contract 635. When suit is brought for all that is due, it is not arbitrarily splitting up the claim, and the holder is entitled to recover his judgment.

Judgment affirmed.