## MARLOR *v.* TEXAS & P. RY. Co.[1]

*(Circuit Court, S. D. New York.* Apri 14, 1884.)

**1. MORTGAGE BONDS OF RAILROAD—RIGHT OF ACTION FOR INTEREST.**

It matters not whether the bonds of a railroad are secured by a mortgage making the interest a lien upon the lands of the company or upon its net earnings, or upon both, or whether there is no mortgage at all. If there is an agreement to pay interest and it is not paid, there is a breach of the bond for which the holder can maintain an action.

**2. SAME—IN CASE OF SCRIP TENDERED IN LIEU OF INTEREST.**

A railroad mortgage provides that in the event of a failure of net earnings sufficient to pay interest on the bonds secured by it, the company can, in its option, issue certain scrip in lieu thereof. In such a case the bondholder is not bound to accept the scrip unless the fact exists which authorizes the company to issue it, nor is the burden upon him to prove a negative. His right of action is *prima facie* perfect upon proof of non-payment of interest on the presentment of his bond at the time when and the place where the interest is made payable.

Motion to Strike out Part of Answer.

*Dos Passos Bros.*, for complainant.

*Dillon & Swayne* and *W. S. Pierce, Jr.*, for defendant.

WALLACE, J. The only questions which seem to be involved in this case are (1) whether the mortgage bonds of the defendant contain a promise for the payment of interest annually on the first day of July

---

[1]Affirmed. See 8 Sup. Ct. Rep. 311.

in each year; and (2) whether defendant has exercised its option to issue scrip for the interest, convertible into capital stock of the company, and receivable at par for the purchase of the company's land at schedule prices.

The first question is one of law, to be solved by reading the bonds and mortgage; the second is one of fact.

1. The bond, so far as is relevant to the controversy, reads as follows:

"The Texas & Pacific Railway Company hereby acknowledges itself to be indebted to ———, of ———, or assigns, in the sum of one thousand dollars, lawful money of the United States of America, which sum the said company promises to pay to the said ———, or assigns, at the office of the company in the city of New York, on the first day of January, A. D. (1915) one thousand nine hundred and fifteen, with interest thereon at the rate of seven per cent. per annum, payable annually on the first day of July in each year, as provided in the mortgage hereinafter mentioned. This bond is one of a series of bonds numbered consecutively from one to eight thousand nine hundred and eight, of the denomination of one thousand dollars each, of like tenor and date, the payment whereof is secured by a first mortgage of even date herewith, duly recorded, upon certain lands heretofore granted to the Texas & Pacific Railway Company by the state of Texas. This bond has also, as security for the interest, a mortgage lien upon the net income of the said the Texas & Pacific Railway Company, derived from operating its lines of railway east of Fort Worth, in the state of Texas, after providing for the operating expenses, the current repairs, and reconstructions, and the interest upon the first and second mortgage bonds secured upon said lines of railway, and in case such net earnings shall not in any one year be sufficient to enable the company to pay seven per cent. interest on the outstanding bonds, then scrip may, at the option of the company, be issued for the interest; such scrip to be received at par and interest, the same as money, in payment for any of the company's lands acquired as aforesaid in Texas, at the ordinary schedule price, or it may be converted into capital stock of the company when presented in amounts of $100 or its multiple."

There seems to be nothing in the language of the mortgage to qualify the promise of the bond. It is quite immaterial whether the mortgage secures the interest of the bonds by a lien upon the lands of the company, or by a lien upon the earnings of the company, or by a lien upon both, or whether it is not secured at all by the mortgage. If there is an agreement to pay interest, and it is not paid, there is a breach of the bond for which the holder can maintain an action. Whether his interest can be collected through a foreclosure of the mortgage is a different inquiry, and not relevant now. It would have been simple enough to have made the interest payable only out of the net earnings of the company's railway by the terms of the bond, if that had been intended.

2. By the terms of the bond the defendant reserved the option, in case the net earnings of its railway were not sufficient in any year to enable it to pay the interest on its bonds, to issue scrip for the interest. The complainant avers that the defendant has neither paid the interest nor exercised the option. By its answer the de-

fendant denies that it has failed to exercise this option, and denies that the plaintiff has demanded payment of the interest. The fact, whether the net earnings of the defendant's railway are sufficient in any one year to pay the interest or not, is one peculiarly within its knowledge, and it is not incumbent upon a holder of the bond to assume the burden of proving the negative. He is not bound to accept the scrip unless the fact exists which authorizes the defendant to substitute scrip for money. His right of action is *prima facie* perfect upon proof of non-payment of the interest, on the presentment of his bond at the place where the interest is made payable. It then devolves upon the defendant to show the existence of the fact which authorizes it to tender scrip, and then the exercise of the option.

This general view of the questions at issue has been stated in order to indicate what issues are fairly presented by the pleadings, and what extraneous matter in the answer has no proper place there. The plaintiff's motion to strike out as irrelevant and redundant is granted, so far as it will eliminate from the answer any and all proceedings, resolutions, mortgages, constructions, understandings, and intentions of the defendant, which are not recited in the bonds in suit, or in the mortgage securing these bonds, because the plaintiff was not a party to them, and is not affected by them. This results in striking out nearly 40 folios of the answer,—a result which justifies this motion, although generally motions of this character are not to be encouraged. In view of the averments of the answer at folios 53 to 63, the plaintiff's motion to make another part of the answer more definite and certain is denied.

It is not intended by this decision to preclude the defendant from the benefit of anything contained in the mortgage which may be urged on the trial of the action as qualifying the promise set forth in the bonds. The bonds and mortgage are one obligation, and may be read and construed together. Neither is it intended to indicate what action on the part of the defendant is a due exercise of its option to pay interest in scrip.