## MANNING *v.* NORFOLK SOUTHERN R. Co. [1]

### (*Circuit Court, E. D. Virginia.* January, 1887.)

1. RAILROAD COMPANIES—BOND AND MORTGAGE—RIGHT OF BONDHOLDER TO SUE.
   The common-law right to sue upon a bond is not affected by the remedies provided in the mortgage given simultaneously, and for the better securing of the bond, unless the provisions of the mortgage exclude this right in express terms, or by necessary implication.

2. SAME—IMPLICATIONS FROM PROVISIONS OF MORTGAGE.
   The right to sue upon a written obligation admitted to be valid is of too high a character to be taken away by implication, especially if drawn from an instrument other than that which is given in direct and positive acknowledgment of the debt.

3. SAME—ASSUMPSIT BY DISSENTING BONDHOLDERS.
   Dissenting bondholders may sue in *assumpsit* for the amount of their unpaid coupons, notwithstanding the fact that the majority in interest have consented to waive the rights secured by the mortgage.

Common-law action on coupons which had been cut from bonds made and issued by the defendant, and which were secured by a mortgage to Ford & Jordan, as trustees, dated September 1, 1880. The bonds were in the usual form of railroad bonds, and by each of them the railroad company promised to pay $1,000 to the bearer on September 1, 1920, with interest at the rate of 6 per cent., on the first days of March and September in each year, upon presentation and surrender of the coupons annexed to said bonds as they should severally become due. The bonds further recited that the payment of the principal and interest was secured by the said mortgage upon the terms and conditions set forth therein, and also contained a provision to the effect that, if interest should remain in default for six months, the whole principal sum might, at the option of the bondholder, become forthwith due and payable. The mortgage contained the same provision, making it obligatory upon the trustees to exercise such option, and declare the whole amount due, upon the request of a majority in interest of the bondholders, or, upon like request,

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

to waive their right to exercise such option. The mortgage then prescribed the proceedings to be taken by the trustees in case of default: *First*, to enter into possession of the mortgaged property, and to apply the net earnings to the payment of the interest coupons; or, *second*, to sell the property at public auction, after notice, and to apply the net proceeds to their payment; or, *third*, to enforce the rights of the bondholders under the mortgage by sale or entry or judicial proceedings, as it should be deemed most expedient for the bondholders' interests; but the duty of the trustees, and their power to make election, were declared to be subject to the right and power of a majority in interest of the bondholders to instruct the trustees to waive such default, or to enforce their rights.

Before maturity of the coupons, a majority of the bondholders waived the payment of interest for five years, agreeing to fund the coupons, and accept in place thereof scrip certificates; and requested the trustees to declare that the exaction of payment of interest should be waived, and that the time for the payment of such interest should be extended, and that no proceedings for the enforcement of the conditions of the mortgage should be taken. The trustees assented thereto, and so notified the company, and the coupons belonging to the bonds held by such majority were surrendered to the company, and exchanged for the certificates. The bondholders who did not assent to the funding scheme own about $40,000 of bonds. The question argued before the court was whether the dissenting bondholder's right to sue in covenant upon his bond, or in *assumpsit* upon the coupons, was lost, because a majority of the bondholders had consented to waive the enforcement of their rights under the mortgage.

*Sharp & Hughes* and *Albert Gallup*, for plaintiff.
*Starke & Martin* and *G. W. Wingate*, for defendant.

HUGHES, J.   The common-law right of suing to judgment upon a written obligation admitted to be valid is of too high a character to be taken away by implications, especially if these are drawn from instruments other than that which is given in direct and positive acknowledgment of the debt.   The suit at law is brought upon written obligations in the form of coupons cut from bonds payable to the holder.   In defense the defendant contends that the right of action upon them has been taken away by the provisions of a mortgage which it executed simultaneously with the execution of the bonds.   The mortgage was given for the purpose of securing the payment of the bonds.   It contains various provisions looking to the protection of the property of the company which it covers from undue sacrifice.   It contains no provision which positively, and none, I think, which impliedly, takes away from a holder of coupons, who has taken no part in instructing the trustee as provided by the terms of the mortgage, his right of action upon them at common law. I fully concur in the views of this mortgage deed set out by Judge HALL, in the opinion filed in the case, on the true force and effect of this instrument, and I need not repeat them here.   It controls the property which

it conveys, but does not, in any of its provisions, affect the common-law right of action belonging to any holder of the coupons of the Norfolk Southern Company who has not participated in the action of the majority of the creditors of the company.

Judgment may be taken for the amount claimed upon the coupons in suit.