## KIMBER v. GUNNELL GOLD MIN. & MILL. CO.

(Circuit Court of Appeals, Eighth Circuit. November 23, 1903.)

### No. 1,872.

1. MORTGAGE—ACTION AT LAW—MORTGAGE BOND.

A mortgage or trust deed of all the property of the mortgagor, to se-cure the payment ratably of bonds or obligations issued to or held by numerous creditors, does not, in the absence of an express stipulation or of a statute to that effect, constitute any defense to an action at law against the mortgagor by each of the creditors upon the bonds or primary obligations thus secured.

2. ACTION AT LAW—WORTHLESSNESS OF PROSPECTIVE JUDGMENT NO DEFENSE.

The fact that a prospective judgment against a defendant in an action at law will be worthless is no defense to the action.

3. MORTGAGE BONDS—ACTION AT LAW—PROSPECTIVE LEVY ON MORTGAGED PROPERTY NO DEFENSE.

The prospective levy upon the mortgaged property of an execution upon a judgment in an action at law against the mortgagor, brought by one of several bondholders secured by the same mortgage, constitutes no defense to the action on the part of the mortgagor.

4. PRACTICE—JUDGMENT ON PLEADINGS—ISSUE UNTRIED.

A judgment for a defendant upon the pleadings in an action at law, in which the complainant pleads overdue coupons, the answer avers payment, and the reply denies that averment, is erroneous, because the pleadings present an issue of fact on the question of payment upon which the plaintiff is entitled to a trial by jury.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Dis-trict of Colorado.

This is an action at law against the Gunnell Gold Mining & Milling Com-pany to recover $38,295 which is alleged to be due from that company upon 37 of its bonds and the coupons attached thereto, a portion of an issue of 750 bonds of $1,000 each which were secured by a mortgage upon all of its property then acquired or thereafter to be secured by the mortgagor. The defendant answered that each of the bonds recited the fact that it was one of 750 bonds of like tenor and effect, the payment of which was secured by a deed of trust, hereafter called a "mortgage," made by the defendant, upon all the property which it owned at the time the mortgage was made, or might acquire thereafter; that the mortgage provided that, in case of default which should continue for the period of six months, the trustee, upon the request of holders of one-fourth or more of the bonds remaining unpaid, might take possession of the mortgaged property, collect the rents, issues, and profits thereof, foreclose the mortgage, sell the property, and distribute the proceeds ratably to the holders of the unpaid bonds and coupons, and that none of the holders of any of the bonds or coupons should proceed to take possession of the property or to foreclose the mortgage, unless the trustee, after suitable notice, refused so to do. The defendant also alleged in its answer that the $1,295 which was alleged to be owing upon the coupons attached to the 37 bonds had been paid. The plaintiff demurred to the answer upon the ground that the facts therein stated constituted no defense to the causes of action set forth in the complaint, and this demurrer was overruled. Thereupon the plaintiff replied that the $1,295 owing upon the coupons had not been paid. The plaintiff then stood upon her demurrer and this reply, and the court rendered judgment for the defendant.

Charles S. Thomas, Wm. H. Bryant, and Harry H. Lee, for plain-tiff in error.

Daniel Sayer and H. B. Johnson, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and HOOK, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Does the mortgage of all the property of a debtor to secure the payment ratably of its bonds or obligations held by several creditors deprive these creditors of their right to maintain actions at law against their debtor for defaults in the payment of the primary obligations, the bonds or notes of the debtor? It is insisted by counsel for the defendant that this question was rightly answered in the affirmative by the court below: (1) Because the mortgage in this case provides that, after the default of the mortgagor has continued for six months, the trustee, on the request in writing of the holders of one-fourth of the unpaid bonds, shall take possession of the property covered by the trust deed, shall foreclose the mortgage and apply the proceeds to the payment of the unpaid bonds and coupons, share and share alike, and that "no holder or holders of any of the bonds or coupons hereby secured shall have the right to institute any suit, action, or proceeding at law or in equity for the foreclosure of this mortgage or the execution of the trust hereof, or for the appointment of a receiver, or for the sale of the mortgaged premises, unless the said holder or holders shall first have given notice in writing to the trustee of default having occurred and continued" during the six months, and unless the holders of one-fourth of the unpaid bonds have made the proper request to the trustee and he has failed to take the proceedings required; and (2) because all the property of the defendant was mortgaged to secure all the bonds, and it would be inequitable to permit the holder of a few of these obligations to levy an execution upon a part or all of the mortgaged property, and in this way to disturb the pro rata distribution of the proceeds thereof and to give to him an inequitable preference over his associates.

The first reason here assigned for depriving the plaintiff of her action at law upon her bonds—which constitute the primary obligations for the debt, while the mortgage is a mere incident thereof—is not convincing. The general rule is that, for a default in the payment of money at the time and place agreed upon, or for any other breach of a contract, an action at law may be maintained, and a judgment for damages may be recovered against the obligor. Of course, the payee or obligee may stipulate away or agree not to exercise this right. But there is no such stipulation or agreement in the provisions of the trust deed to which counsel has challenged our attention, or in any of the other numerous terms which this instrument contains. A statute may provide that the remedy at law upon the primary obligation shall be postponed until the security for the debt has been exhausted. But no such statute conditions the rights or remedies of the parties to this action. In the absence of any such agreement or any such statute, the ordinary right of action upon the unconditional promise of the defendant to pay the money loaned upon its bonds remained unimpaired, and it must prevail. Has this

right been surrendered or destroyed by the fact that the plaintiff's obligations and those of the other creditors of her debtor were secured by a mortgage of all its property which is to be applied to pay them share and share alike? Is it lost by reason of the alleged fact that a judgment in favor of the plaintiff will be worthless because an execution upon it may not be levied upon any of the mortgaged property, since such a levy would interfere with its equitable distribution among all the creditors secured thereby, and there is no other property to which the execution can attach? The altruistic interest of the Gunnell Company in presenting this defense for the benefit of its other creditors who are strangers to this action is marked and inspiring. It is unfortunate for the plaintiff that she is beyond the pale of its abounding charity. Unfortunately for the defendant, there is no question of the rights of the other bondholders in the mortgaged property for consideration or determination in this action. They have made no complaint of its prosecution, and it will be time enough to consider the respective rights of the plaintiff and her associate bondholders in the property mortgaged to secure them when some of these bondholders present and assert their rights.

The only question in this action is whether or not the defendant owes to the plaintiff $38,295 and interest upon its matured promises to pay. The plaintiff alleges that it does. The defendant denies this averment. The judgment sought in this action is an adjudication of this issue, and it is no defense to an action upon an overdue obligation to pay money that the defendant has no property and that a judgment and execution against him will pay no part of the debt. City of Fort Madison v. Fort Madison Water Co., 52 C. C. A. 204, 206, 114 Fed. 292, 294. There are other uses to which a judgment and execution may sometimes be put besides the making of the debt by execution sale. Property that has been fraudulently conveyed by the debtor and his equitable interests are sometimes reached and money is occasionally made from such property to pay a judgment after an execution upon it has been returned unsatisfied. The deep and lively interest which the defendant corporation manifests in preventing an adjudication of the amount which it apparently owes upon its overdue bonds and coupons suggests that the plaintiff ought not to be deprived of the opportunity to take proceedings of this character if she is so advised. Moreover, so far as the facts are disclosed by this record, the Gunnell Company is in possession of all its property covered by the mortgage which it presents as a defense against the payment of its debts, is deriving all the rents and profits from this property, and will continue to possess and use it until the trustee, by direction of the holders of one-fourth of the bonds, commences the foreclosure of the mortgage. It does not appear that he will ever do this, and, if he does not, no reason occurs to us why the defendant may not be lawfully required under the prospective judgment in this action to apply at least a part of the rents and profits of its property to the payment of the debt which it appears to owe to the plaintiff. And, finally, upon this question, the mortgage, after providing for the foreclosure and sale of the prop-

erty covered by it by the trustee, after a continuing default and demand, reads in this way:

"In case of any such default as aforesaid, the foregoing provision in reference to taking possession, sale or foreclosure of said premises, shall not be deemed to exclude any other remedy at law or in equity to enforce this mortgage or the obligations secured thereby, but shall be cumulative thereto."

Here is an express contract between the mortgagee and the bondholders that none of the provisions of the mortgage upon which the defendant relies shall destroy, postpone, or affect the obligee's ordinary remedy by action at law to recover for the defaults of its obligor in the performance of its promises to pay. These conclusions are unavoidable:

A mortgage or trust deed of all the property of the mortgagor to secure the payment ratably of bonds or obligations issued to or held by numerous creditors does not, in the absence of an express stipulation or of a statute to that effect, constitute any defense to an action at law against the mortgagor by each of the creditors upon the bonds or primary obligations thus secured. Chicago, etc., Railroad Co. v. Fosdick, 106 U. S. 47, 68, 27 L. Ed. 47; Lichty v. McMartin, 11 Kan. 565, 567; Allen v. Woodard, 125 Mass. 400, 403, 28 Am. Rep. 250; Marlor v. Texas & P. Ry. Co. (C. C.) 19 Fed. 867, 868; McClelland v. Norfolk Southern Ry. Co., 110 N. Y. 469, 480, 18 N. E. 237, 1 L. R. A. 299, 6 Am. St. Rep. 397; Hackettstown Nat. Bank v. Yuengling Brewing Co., 74 Fed. 110, 114, 20 C. C. A. 327, 331.

The fact that a prospective judgment against a defendant in an action at law will be worthless is no defense to the action.

The fact that the enforcement of a judgment in favor of a bondholder, by the levy of an execution upon property mortgaged to secure him and his associates, might disturb the ratable distribution of the mortgaged property and give him an inequitable preference over his associates, may furnish good ground for relief in equity in their favor. Pennock v. Coe, 23 How. 117, 131, 16 L. Ed. 436; New Orleans Pac. Ry. Co. v. Parker, 143 U. S. 42, 59, 12 Sup. Ct. 364, 36 L. Ed. 66; Jackson v. Ludeling, 21 Wall. 616, 632, 22 L. Ed. 492; Fish v. New York Waterproof Paper Co., 29 N. J. Eq. 16, 20. But that fact furnishes no defense for the mortgagor against an action at law upon his bond or note, which is the primary obligation to which the mortgage is an incident. The result is that the defendant did not state in its answer any facts sufficient to constitute a defense to the cause of action for the $37,000 and interest evidenced by the bonds held by the plaintiff.

In the plaintiff's statement of her cause of action for the coupons there is an averment that they were issued, that they have matured, and there is a prayer for judgment for the amount due upon them. There is an answer that they have been paid, and a reply which denies the averment of payment. The result is that, when the motion for judgment for the defendant was granted in the court below, there was a plain issue of fact between the plaintiff and the defendant upon the question whether or not the coupons had been paid. The

plaintiff had a right to the trial of that issue by the jury, and the judgment against her without such a trial was clearly erroneous. The judgment below is reversed, and the case is remanded to the Circuit Court for farther proceedings not inconsistent with the views expressed in this opinion.