## CHARLESTON.

FLEMING v. FAIRMONT & MANNINGTON RAILROAD CO.

Submitted September 5, 1912.    Decided October 14, 1913.

1. CORPORATIONS—*Bonds—Past Due Coupons—Right of Holder.*
     An action at law may be maintained and prosecuted to final judgment, by the owner, on past due coupons, parts of corporate bonds, secured by mortgage, nothing therein expressly restricting such right, notwithstanding the provisions in the mortgage for sale, suit, or entry upon and management of the mortgaged property by the trustee on the request of one-third of the bondholders after default by the company in payment of the coupons.  (p. 836).

2. SAME—*Corporate Bonds—Right of Action.*
     The common law right to sue upon a bond is not affected by the remedies provided in the mortgage given for its security, unless the provisions of the mortgage exclude such right in express terms or by necessary implication.  (p. 836).

3. SAME.
     But execution on a judgment obtained in such action is not leviable on property covered by the mortgage.  (p. 840).

72 W. Va.

Error to Circuit Court, Marion County.

Action by A. S. Fleming against the Fairmont & Manningtou Railroad Company and others. Judgment for defendants, and plaintiff brings error.

*Reversed and Rendered.*

*A. S. Fleming,* for plaintiff in error.

*Showalter & Frame,* for defendants in error.

LYNCH, JUDGE:

The plaintiff brought his action before a justice, and recovered judgment, on overdue coupons detached from defendant's bonds, secured by mortgage on all its property then owned and thereafter acquired by it. On appeal, the Intermediate Court dismissed the action; and, upon further appeal, the Circuit Court affirmed the latter judgment. Hence this writ of error.

It is agreed that, before action, the coupons were due, and, although properly presented for payment, were unpaid. The plaintiff was, therefore, entitled to judgment and execution thereon, unless inhibited by some provision of the mortgage securing the bonds and coupons. The defendant cites sections 1 and 2 of article V of the mortgage, as authority denying plaintiff's right to recover on the coupons.

But from these sections no intention appears, expressly or by implication, to preclude plaintiff from relief by the form of action adopted by him. To have this effect, the restriction must be clear and reasonably free from doubt. "The common law right to sue upon a bond is not affected by the remedies provided in the mortgage given simultaneously and for the better securing of the bond, unless the provisions of the mortgage exclude this right in express terms or by necessary implication." For "the right to sue upon a written obligation admitted to be valid is of too high a character to be taken away by implication, if drawn from an instrument other than that which is given in direct and positive acknowledgment of the debt." *Manning* v. *Railroad Co.,* 29 Fed. 838; *Nute* v. *Insurance Co.,* 72 Mass 174, 181; *Kimber* v. *Gunnell,* 126 Fed. 137; Jones on Corp. Bonds, § 340.

The purport of the whole article relied upon by defendant is to define the rights, duties and remedies of the trustee and bondholders, should the mortgagor default in the payment of the bonds or interest. It provides what course each shall pursue, for enforcement of the lien, when such default occurs. It provides, first, that, should the mortgagor refuse or fail after demand to perform any of the covenants and stipulations in the mortgage or the bonds secured thereby, the trustee shall, upon the request of the holders of one-third in amount of the bonds and adequate security against costs, expenses and liabilities, enter upon the mortgaged property, manage and operate it, collect the receipts, and apply the income, after deducting current expenses and costs, to the principal and interest of the bonds as the same become due; or, second, upon like default, request and security, he shall sell the property, and make application of the proceeds in the manner stated; or, third, upon like default, request and security, he shall proceed to protect and enforce the rights of the bondholders under the mortgage by suits in law or equity. The instrument fully states the manner in which the trustee shall perform the duties so prescribed, and then concludes immediately thereafter with the general statement: "it being understood, and it is hereby expressly declared, that the rights of entry and sale hereinbefore granted are intended as cumulative remedies allowed by law, and that the same shall not be deemed in any manner whatever to deprive the trustee or the beneficiaries under this trust of any legal or equitable remedy, by judicial proceedings, consistent with the provisions of these presents, according to the true intent and meaning thereof."

The sole and manifest purpose of these provisions is to secure the subject matter of the lien against illegal invasion, the effect of which would be its impairment as ample security for payment of the mortgagor's bonded indebtedness; and, in order to remove any possible excuse for misunderstanding of its terms, and to afford reasonable assurance of the proper interpretation, the concluding clause, in express terms, declares the absence of any intent to deprive the bondholders of any existing legal or

equitable remedies not inconsistent with the purposes the subservance of which the section in its entirety comprehends.

The right of the plaintiff to maintain his action is sustained by many authorities. In fact, none are found upon this investigation, denying it. *Railroad Co. v. Johnson*, 54 Pa. 127; *Montgomery v. Francis*, 103 Pa. 378; *Widener v. Railroad Co.*, 1 Wkly. Notes Cas. (Pa.) 472; *Batchelder v. Water Co.*, 131 N. Y. 42; *Manning v. Railroad Co.*, 29 Fed. 838; *Kimber v. Gunnell*, 126 Fed. 137; *Dow v. Railroad Co.*, 20 Fed. 260; 1 Elliott on Railroads, §§ 509, 514; 3 Cook on Corp. (6th ed.) § 770; 5 Thomp. on Corp. (1st ed.) §§ 6121-6125, 6210-6213; Jones on Corp. Bonds, §§ 55, 338-340a. See also *Welsh v. Railroad Co.*, 25 Minn. 314; *Guaranty Co. v. Railroad Co.*, 139 U. S. 137, 35 L. Ed. 116; *Buel v. Railway Co.*, 53 N. Y. S. 749. Mr. Jones, in the section of the work cited, says: "The fact that a railroad mortgage empowers the trustees, on the written request of the holders of bonds of a specified amount, after breach of the condition, to sell the property, is no defense to a suit upon the bonds or coupons after they are payable. The bonds are the principal debt, and the mortgage is only an incidental security. The remedies at law and in equity do not clash and destroy each other, but exist together. The mortgage might positively, or perhaps impliedly, take away from the bondholder his right of action at law upon the bonds or coupons; but the common law right to enforce these obligations remains if not so taken away." In *Kimber v. Gunnell, supra,* it is held that a mortgage similar to that under consideration does not "in the absence of an express stipulation or a statute to that effect constitute any defense to any action at law against the mortgagor by each of the creditors upon the bonds or primary obligations thus secured." The court, in its opinion, observes: "The general rule is that, for a default in the payment of money at the time and place agreed upon, or for any other breach of a contract, an action at law may be maintained, and a judgment for damages may be recovered against the obligor. Of course, the payee or obligee may stipulate away or agree not to exercise this right. But there is no such stipulation or agreement in the provisions of the trust deed to which counsel has challenged our attention, or in

any of the other numerous terms which this instrument contains. A statute may provide that the remedy at law upon the primary obligation shall be postponed until the security for the debt has been exhausted. But no such statute conditions the rights or remedies of the parties to this action. In the absence of any such agreement or any such statute, the ordinary right of action upon the unconditional promise of the defendant to pay the money loaned upon its bonds remained unimpaired, and it must prevail." Again, it was said of such a mortgage, in *Guaranty Trust Co.* v. *Railroad Co.*, 139 U. S. 137: "There is a subsequent provision in the deed of trust to the effect that neither the whole nor any part of the premises mortgaged shall be sold, under proceedings either at law or equity, for the recovery of the principal or interest of the bonds, it being the intention and agreement of the parties that the mode of sale provided by the mortgage 'shall be exclusive of all others.' This clause, however, is open to the objection of attempting to provide against a remedy in the ordinary course of judicial proceedings, and oust the jurisdiction of the courts, which, as is settled by the uniform current of authority, can not be done."

Nor does the clause of the mortgage following those above set forth contain any express or implied denial, by limitation or restriction, of plaintiff's right to maintain this action. It states that the intention of the instrument is "that no one or more holders of bonds or coupons shall have the right, in any manner whatever, to affect, disturb or prejudice the lien of this mortgage by his or their action, except in the manner herein provided." The purpose of the clause, as gathered from its true intent and meaning, is to provide against any judicial proceedings by one or more bondholders owning less than one-third of the bonds, or by those holding such amount except upon notice to the trustee and the giving of adequate security, for either of two purposes—the appointment of a receiver or the foreclosure of the mortgage. Of course, every provision of a mortgage must be construed in the light of its intendment. What the object to be attained is always a pertinent inquiry upon the construction of a written instrument. The apparent purpose sought, by the language quoted, is the prevention of petty interference by a

few bondholders with the management of defendant's property and the conduct of its business, except in the manner authorized by the mortgage. The denial of the right in any manner whatever to affect, disturb or prejudice the *lien* of the mortgage manifests such intention. If so, it is not within the province of the court, by construction, to enlarge the terms employed as a restriction for one purpose, so as to authorize other restrictions not impliedly within their plain intent and meaning.

The termination of plaintiff's action in a judgment, even when followed by execution, can not "affect, disturb or prejudice" the *lien* of the mortgage. The property therein embraced is immune from levy. It can not be disturbed. Nor can the operation of defendant's railroad be impeded as a result of any judgment obtained in this action, or any proceeding thereafter to enforce payment of the judgment, except in the manner permitted by the mortgage. 1 Elliott on Railroads, §§ 486, 509; 3 Cook on Corp. (6th ed.) §§ 770, 772; 5 Thomp, on Corp. (1st ed.) § 6124; Jones on Corp. Bonds, § 310; *Doheny* v. *Atlantic Dynamite Co.,* 41 W. Va. 1; *Hospital* v. *Library Co.,* 189 Pa. 269; *Com.* v. *Railroad Co.,* 122 Pa. 306, 1 L. R. A. 225; *Trust Co* v. *Steel Co.,* 68 N. Y. S. 915; *Kimber* v. *Gunnell,* 126 Fed 137. The creditor does not thereby acquire a lien on defendant's property prior to the mortgage. When suing at law upon an overdue coupon, and proceeding against the railroad company, the bondholder, as shown by the authorities cited, stands upon the same plane as any other creditor; and execution on a judgment in his favor can be levied only on property actually owned by the company, and not upon that which has been conveyed to trustees by a mortgage or deed of trust duly executed and recorded. When it becomes necessary for him to reach the property held by the trustee, he must proceed against him not for his own benefit, but as a bondholder, and on behalf of all the bondholders as a class. What may be realized by such proceeding belongs to the whole class, and must be distributed among its members pro rata. 5 Thomp. on Corp. (1st ed.) § 6124; *Com.* v. *Railroad Co., supra.* Nevertheless, nothing otherwise prohibiting, he is entitled to judgment and execution thereon. If property belonging to the defendant other than that

already bound by the lien of the mortgage is available for levy under execution, he may levy upon it, but not otherwise. *Carr* v. *La Fevre,* 27 Pa. 413; *Railroad Co.* v. *Johnson, supra; Com.* v. *Railroad Co., supra; Bradley* v. *Railroad Co.,* 36 Pa. 141; *Trust Co.* v. *Steel Co., supra;* Thomp. on Corp. (1st ed.) §§ 6134, 6125; Jones on Corp. Bonds, § 340. The fact that a prospective judgment against a defendant in an action at law will be worthless is no defense to the action. *Kimber* v. *Gunnell, supra.*

Being therefore of the opinion that the judgment of the Intermediate Court of Marion County is erroneous, and that the action may be properly terminated here by judgment based upon the agreed state of facts, such judgment will be so entered for the amount of the coupons sued on, with interest thereon, and costs.

*Reversed and Rendered.*