Frieda Schatzkis, Appellant, v. Rosenwald & Weil, Appellee.

Gen. No. 35,807.

Opinion filed June 28, 1932.

SHULMAN, SHULMAN & ABRAMS, for appellant; MEYER ABRAMS, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. PRESIDING JUSTICE KERNER delivered the opinion of the court.

Plaintiff, Frieda Schatzkis, brought an action in assumpsit to recover upon a bond executed by defendant. The case was tried by the court without a jury, resulting in a finding for the defendant and a judgment against the plaintiff for costs, and plaintiff appealed.

The amended statement of claim alleged that plaintiff was the legal owner of bond No. 1505 for $1,000, executed by the defendant, the bond being part of a series of 1,800 bonds aggregating $850,000; that default was made in the payment of the semiannual interest maturing January 15, 1931, by reason whereof

and pursuant to the provisions contained in the trust deed securing said bond the required number of bond owners have made a demand to declare the whole amount due and payable, and there was due plaintiff $1,030.

The affidavit of merits admitted that default had been made in the payment of interest which matured January 15, 1931, and alleged that the principal of said bond was not due by its terms until January 15, 1935, because the required number of bondholders have not made a demand to declare the whole amount due and payable.

The undisputed facts are that the bond sued on is secured by a trust deed to Greenebaum & Sons Bank & Trust Co., a corporation, as trustee; that by the bond the defendant agreed to pay to the bearer of the bond $1,000 on January 15, 1935, together with interest from January 15, 1923. The only language in the bond by which the payment of the principal might be accelerated, was that "on default in the payment of interest the principal of the bond may become and be due and payable before its maturity as provided in the Trust Deed." By the trust deed the defendant agreed that in case default was made in the payment of interest when due and payable, and such default continue for 30 days after such interest becomes due, then at the election of the legal holders of said bonds aggregating at least two per cent of the principal sum evidenced by all the bonds then outstanding and unpaid, the principal sum evidenced by all the bonds then outstanding and unpaid should thereupon at once become due and payable, and for the purpose of so declaring at once due and payable the bonds unpaid, the trustee was appointed the agent and attorney in fact of each and all of the holders of said unpaid bonds. It also appears that a bill to foreclose the trust deed was filed by the trustee in the circuit court of Cook county on

February 19, 1931, to foreclose the whole bond issue and at the date of the trial of the instant case was still pending.

The only defense to plaintiff's cause of action was the question whether the bond was due by the acceleration under the provisions of the trust deed. For the purpose of showing the acceleration of the bond issue in compliance with the trust deed, plaintiff offered in evidence a demand dated February 16, 1931, made by the owners of more than two per cent of the outstanding bonds. This demand was addressed to the trustee, and recited that the Bondholders' Protective Committee as owners and holders of bonds executed by the defendant, secured by the trust deed in question (specifying the number, amount, and the maturity of the bonds, aggregating $21,500), by reason of the default of the defendant in failing to pay the interest due and payable January 15, 1931, and the continuance of such default for more than 30 days, declared immediately due and payable all of the bonds described in and secured by the terms and provisions of said trust deed, and requested the trustee to likewise declare immediately due and payable all of the outstanding bonds by reason of such default. This demand was signed by Abel Davis, M. E. Greenebaum and Eugene V. R. Thayer, designated ''as the Bondholders' Protective Committee for bonds issued under and secured by the above-mentioned Trust Deed.'' Attached to the demand was the statement by the trustee that pursuant to such request the trustee did declare immediately due and payable all of said bonds. Defendant's counsel objected to the introduction of this demand on the ground that there was no proof that the owners of the bonds enumerated in the demand authorized the committee to make the demand. The court sustained the objection. Thereupon the plaintiff offered in evidence a bondholders' agreement tending to show the creation of a Bondholders' Protective

Committee, consisting of Abel Davis, Murray Wolbach, Eugene V. R. Thayer, B. M. Winston, M. E. Greenebaum, John P. Oleson and Howard A. Loeb, which recites that in order to take concerted action on behalf of the bond owners of the Greenebaum issues the bonds be deposited with the Chicago Title & Trust Company as depositary, subject to the sole control and order of the committee; that the depositors assigned and transferred to the committee full legal and equitable title to the bonds deposited and vested the committee with every right and power of the respective owners of the bonds deposited, including the right to elect to have the principal of the bonds declared due and payable forthwith. Defendant's counsel objected to the receipt of the agreement, stating it had nothing to do with the defendant, and the court sustained the objection.

It is undisputed that the bonds described in the demand had been deposited with and were in the possession of the Chicago Title & Trust Company as depositary for the Bondholders' Protective Committee. Possession of the bonds was prima facie evidence of ownership. (*Hoff v. Dougherty,* 243 Ill. App. 159, and cases cited.) On this state of the record the question is whether the offered proofs tended to support the cause of action. We believe they did and that the court erred in sustaining the objection.

It is, however, argued by defendant's counsel that even if plaintiff had proved that the acceleration provisions of the trust deed had been complied with, she would not have been entitled to recover because the provisions of the trust deed providing for the acceleration of the maturity of the bonds were solely for the purpose of foreclosure and did not grant to individual bondholders the right to maintain an action at law thereon. The bond was the principal debt and the mortgage only incidental security.

By the terms of the bond the defendant absolutely and unconditionally promised to pay bearer the prin-

cipal of said bond on January 15, 1935, with interest from January 15; 1923, the interest to be paid semi-annually, and agreed that on default in the payment of the interest the principal shall become due and payable before its maturity, as provided in the trust deed. The trust deed contained the agreement above quoted. Such an agreement is valid. (*Curran v. Houston,* 201 Ill. 442; *Meyer v. Levy,* 249 Ill. App. 408.) But our attention is called to Article III, section 1, of the trust deed which provides that no holder of any bond shall have the right to institute any proceeding in law or in equity, of whatever character or kind, for the foreclosure of the trust deed or for the execution of the trust therein provided, or for the appointment of a receiver, or for any other remedy under said trust deed, or for enforcing the lien thereby created, without first having made application to the trustee and until 60 days after the giving of notice in writing to the trustee, and the failure of the trustee to institute proceedings for the foreclosure of the trust deed. In *Fleming v. Fairmont & M. R. Co.,* 72 W. Va. 835, 79 S. E. 826, wherein it was claimed the mortgage prohibited a bondholder from suing at law, it was said (p. 827): "To have this effect, the restriction must be clear and reasonably free from doubt. 'The common-law right to sue upon a bond is not affected by the remedies provided in the mortgage given simultaneously and for the better securing of the bond unless the provisions of the mortgage exclude this right in express terms or by necessary implication.' For 'the right to sue upon a written obligation admitted to be valid is of too high a character to be taken away by implication, especially if drawn from an instrument other than that which is given in direct and positive acknowledgment of the debt.' '' *Romberg v. Interstate Independent Telephone & Telegraph Co.,* 200 Ill. App. 509, was an action in assumpsit by a holder of interest coupons

secured by a trust deed which provided: "That no holder or holders of any of said bonds or coupons shall have the right to institute any proceedings of whatever character or kind for the foreclosure of this indenture, or the execution of the trusts hereof,' or for the appointment of a receiver, or for any other remedy under this trust deed, without first giving notice in writing to the said trustee," etc. It further provided: " 'That neither the said trustee nor the holder or holders of any of said bonds, or any of the said interest coupons intended to be hereby secured, shall institute any suit, action or proceeding for the foreclosure thereof, or for the appointment of a receiver otherwise than upon the terms and conditions and in the manner herein provided.' " And the court held the trust did not take away the right of action at law on the bonds involved in that case.

After a consideration of the authorities, we are of the opinion that under the facts in the instant case the purpose of the restriction contained in Article III, section 1 of the trust deed was to restrict individual action only in the institution of foreclosure proceedings and not in the commencement of an action to recover upon the personal obligation of the defendant, and that plaintiff had the right to sue the mortgagor in assumpsit for a judgment upon the personal obligation. (*Edgington v. Hefner,* 81 Ill. 341; *Rohrer v. Deatherage,* 336 Ill. 450, and *Brewer v. Penn Mut. Life Ins. Co.,* 94 Fed. 347.)

Before the commencement of the trial plaintiff moved to increase the *ad damnum* to $5,000, and to amend the statement of claim to include certain other bonds, all a part of the same series of 1,800 bonds secured and described by the same trust deed. The trial court denied the motion. The record does not disclose that defendant's counsel claimed to be surprised, or that he would be prejudiced by the allow-

ance of the motion, or that he asked that the trial of the cause be continued. The amending of the statement of claim would not have substituted a different cause of action. It was the same cause, but instead of suing on one bond, additional bonds were sought to be included to avoid separate suits. Under our statute, chapter 7, Cahill's Ill. Rev. Stats. 1931 (Amendments and Jeofails), it is hardly ever too late to amend pleadings, whether before or after verdict on such terms as justice may seem to demand. The trial court should have granted the motion. (*Tomlinson v. Earnshaw*, 112 Ill. 311; *Thompson v. Sornberger*, 78 Ill. 353; *Goldstein v. Chicago City Ry. Co.*, 286 Ill. 297; *Delfosse v. Kendall*, 283 Ill. 301.)

For the reasons indicated the judgment of the municipal court must be reversed and the cause remanded.

*Reversed and remanded.*

SCANLAN and GRIDLEY, JJ., concur.