Sophia Gauss, Plaintiff in Error, v. Morris Simon et al., Defendants in Error.

Gen. No. 36,010.

Heard in the first division of this court for the first district at the June term, 1932. Opinion filed November 14, 1932. Rehearing denied November 28, 1932.

ALFRED M. LOESER, for plaintiff in error; GEORGE YELLEN, of counsel.

SAMUEL E. DAVIDSON, for defendants in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, seeking in an action of assumpsit to recover upon certain promissory notes or bonds, upon a

trial by the court suffered an adverse judgment which she seeks to have reversed. The suit was instituted on four promissory instruments for $500 each, dated July 1, 1929, and maturing July 1, 1931, secured by a deed of trust on certain real estate. The instruments contained a power to confess judgment, which was exercised, and judgment by confession was entered July 28, 1931. Subsequently this was vacated and the case went to trial upon a stipulation as to the facts.

The only question presented to us is whether plaintiff is barred from suing at law on the notes because of certain provisions in the deed of trust which defendants contend inhibit such a proceeding. The court found with the defendants on this proposition.

There is nothing in the language of the bonds themselves which could be construed as preventing the holder from bringing a suit at law. The provision in the trust deed said to do this is as follows:

"Article 11. The exclusive right of action hereunder shall be vested in said Trustee until its refusal to act, and no bondholder shall be entitled to enforce these presents in any proceeding in law or equity until after demand has been made upon the Trustee accompanied by tender of indemnity, and a refusal of the Trustee to act."

The second division of this court has recently considered similar language in a trust deed which it was contended barred any right of action at law, and held the provision "to restrict individual action only in the institution of foreclosure proceedings and not in the commencement of an action to recover upon the personal obligation." *Schatzkis v. Rosenwald & Weil,* 267 Ill. App. 169. Supporting cases cited were *Edgington v. Hefner,* 81 Ill. 341; *Rohrer v. Deatherage,* 336 Ill. 450; *Brewer v. Penn Mut. Life Ins. Co.,* 94 Fed. 347. We add *Hazle v. Bondy,* 173 Ill. 302, where the court said: "Suit on the notes against the makers, or

taking judgment against them by confession, was a proper remedy, and, as we have frequently held, might be pursued concurrently with a proceeding to foreclose.'' The above quoted provision in the instant trust deed clearly refers to the institution of foreclosure proceedings and does not bar plaintiff's right to proceed at law upon the notes.

The trial court, upon the stipulation of facts, should have found for the plaintiff.

The judgment is therefore reversed and judgment entered in this court for $2,000, the amount of the notes, plus interest at the rate of seven per cent, as provided therein, from July 1, 1931, to this date, or $2,192.16.

*Reversed and judgment in this court for plaintiff for $2,192.16.*

MATCHETT and O'CONNOR, JJ., concur.