Laura S. K. Slocum, Appellee, v. A. Harris et al. Appeal of M. Rothschild, Appellant.

**Gen. No. 39,960.**

Opinion filed June 29, 1938.

LEVINSON, BECKER, PEEBLES & SWIREN, of Chicago, for appellant; MAX SWIREN and BEN W. HEINEMAN, of Chicago, of counsel.

LANE & JACOBSON, of Chicago, for appellee; WILLIAM E. LANE and HARVEY B. JACOBSON, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered against the defendant M. Rothschild and in favor of plaintiff Laura S. K. Slocum for $684.42.

From the facts as set forth in the abstract it appears that the Ashland Industries Building Corporation issued bonds under a trust indenture dated January 1, 1926, in the sum of $1,500,000, secured by a trust deed covering certain real estate, and plaintiff claims to be the legal holder and owner of two of these bonds, together with unpaid interest coupons thereon from January 1, 1932 and thereafter, in the sum of $660, plus accrued interest. That part of the guarantee, upon which plaintiff relies, reads as follows:

"Now, therefore, in consideration of One Dollar ($1.00) and other good and valuable considerations to each of said guarantors in hand paid, the receipt whereof is hereby acknowledged, and in consideration also of the purchase from time to time by the several holders thereof of the bonds issued and to be issued under said Mortgage, A. Harris, D. C. Harris, S. H. Harris, M. Rothschild, and H. H. Baum (hereinafter referred to collectively as the 'Guarantor'), *agree and guarantee, absolutely and unconditionally that Ash-*

*land Industries Building Corporation* shall and will pay to The Foreman Trust and Savings Bank, as Trustee as aforesaid, and/or *to the several other persons thereto entitled, as and when and in the manner provided* in said Mortgage and in the bonds thereby secured,

"(1) all and every of the principal payable upon said bonds, as and when the same shall become due and payable, either pursuant to the terms of said several bonds or by declaration as provided in said Mortgage; and

"(2) *all and every coupon for interest upon any of said bonds as and when said coupons shall severally become due and payable;* and all interest of any kind due 'and payable upon said bonds and/or coupons under the provisions of said Mortgage, whether evidenced by interest coupons or not; and

"(3) all and every sinking fund payment as and when the same shall become due and payable pursuant to the provisions of said Mortgage."

By the terms of this guarantee it must at once be apparent from the language employed that it assured the owner of a bond and interest coupon that the guarantors would pay him this money when it became due. We do not see where any different construction could be deduced from such language other than the words themselves express. We have had occasion many times before to consider language somewhat similar.

It is urged that we should consider this guarantee in connection with the trust deed, but we fail to find anything in the trust deed (which is an entirely different instrument having an entirely different purpose), which in any way contradicts or is inconsistent with this written guarantee.

Of similar import are the cases of *Chicago Title & Trust Co. v. Cohen,* 284 Ill. App. 181: *Schatzkis v. Rosenwald & Weil,* 267 Ill. App. 169; *Borker v. Bendix,*

288 Ill. App. 260; *Romberg v. Interstate Independent Telephone & Telegraph Co.,* 200 Ill. App. 509; *Gauss v. Simon,* 268 Ill. App. 196.

We think the conclusion reached by the trial court was correct and for that reason the judgment of the municipal court is affirmed.

*Judgment affirmed.*