## Jack E. Borker, Appellee, v. Vincent Bendix, Appellant.

### Gen. No. 38,885.

Opinion filed January 27, 1937. Rehearing denied February 16, 1937.

CASSELS, POTTER & BENTLEY, of Chicago, for appellant; WILLIAM H. KING, JR., GEORGE C. BUNGE and JOHN D. DeFEO, all of Chicago, of counsel.

JULIUS L. KABAKER, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the municipal court for the sum of $602 and costs in favor of the plaintiff Jack E. Borker and against the defendant Vincent Bendix.

This suit was a contract action in the municipal court brought by the holder of a single $500 bond, out of an issue aggregating approximately $1,400,000, upon a special guaranty executed by the defendant, Vincent

Bendix. On motion of the plaintiff, defendant's second amended affidavit of merits was stricken from the files and, defendant electing to stand upon his said affidavit of merits, judgment was thereupon entered in favor of the plaintiff as aforesaid.

Plaintiff's statement of claim alleges that on or about December 28, 1928, the Chicago Title and Trust Company, as trustee, made and delivered their six per cent (6%) First Mortgage Gold Bond, in the sum of $500, No. D–192, to the plaintiff through their agent, Central Trust Company of Illinois, of the city of Chicago, which said bond became payable to the bearer on January 1, 1932; that on said January 1, 1932, an extension agreement was executed, extending the maturity of the bond to January 1, 1937, conditioned upon the payment of the interest coupons attached to said bond on their respective dates; that said interest coupon Number Three became due July 1, 1933, coupon Number Four became due January 1, 1934, coupon Number Five became due July 1, 1934 and that coupon Number Six became due January 1, 1935, for $15 each, none of which have been paid, although presented to the Central Trust Company of Illinois, or its successor in trust, Central Republic Bank and Trust Company; that said bond carried interest at the rate of six per cent per annum until maturity and seven per cent after maturity and that the said interest coupons carried interest at the rate of seven per cent per annum after maturity on each of said coupons; that the said coupons were not paid on presentment and that the said plaintiff has declared the entire indebtedness due under said bond in accordance with its terms.

Plaintiff's claim further alleges that neither the said interest coupon notes nor the said bond has been paid to the plaintiff, nor has any part thereof been paid, and the said plaintiff hereby again declares the said bond to be due and payable at once, together with interest

at the rate of seven per cent per annum, which said bond and coupons total $560.

Plaintiff further alleges that the said coupon notes and bond were presented for payment to the Central Republic Bank and Trust Company on or about February 16, 1935, which payment the maker of said bond has failed and refused to make.

Plaintiff further alleges that in consideration of the execution and purchase of said bond by the plaintiff and in further consideration of the extension of the maturity of said bond that became due January 1, 1932, being bond No. D–192, and owned by the plaintiff, the said defendant executed a written guaranty; that the said guaranty is in words and figures as follows:

"Whereas, the undersigned as the owner and holder of thirty-three and one-third per cent (33⅓%) of the beneficial interest in and to the property described in the first mortgage deed of trust dated as of January 1, 1929, from Michigan-Delaware-Chestnut Realty Trust to Central Trust Company of Illinois, as Trustee, heretofore executed and delivered to said Trustee his agreement to pay when due thirty-three and one-third per cent (33⅓%) of the principal of, interest on and carrying charges with respect to all bonds from time to time outstanding under said first mortgage deed of trust; and

"Whereas, the undersigned has since the execution and delivery of said agreement acquired substantially larger beneficial interest in and to said property; and

"Whereas, said bonds now outstanding in the principal sum of one million four hundred two thousand five hundred dollars ($1,402,500) matured January 1, 1932 have not been paid, but at the request of the undersigned have been extended to January 1, 1937;

"Now, Therefore, in consideration of said extension and other good and valuable considerations, receipt of which is hereby acknowledged, the undersigned hereby

guarantees the payment of and agrees to pay the principal of, interest on, and all taxes and assessments and other carrying charges as defined in said first mortgage deed of trust as and when any of said payments shall become due and payable. All payments of principal and/or interest which shall become due from the undersigned under the terms of this instrument shall be made to Central Republic Bank and Trust Company, as Trustee of expressed trust or to its successors in said trust, for the use and benefit of the holders from time to time of said bonds.

"The undersigned unconditionally waives all notice of non-payment or default, demand, presentment, protest or notice thereof, and the acceptance of this guaranty; accepts all of the provisions of said bond and said first mortgage deed of trust dated as of January 1, 1929; agrees to any extension or extensions of the time of any of said payments without notice to him, and agrees to make such payments when due under the terms of any such extension or extensions; agrees that in case of non-payment by him when due of said payments or any part thereof, that suit therefor may be brought by Central Republic Bank and Trust Company in its own name and as Trustee of an express trust, as aforesaid, or by any successor Trustee for the use and benefit of the holders of said bonds against him at the election of said Trustee, whether or not foreclosure proceedings or any other actions in law or in equity have been commenced against the Mortgagor, or against any other guarantor, or guarantors of the payment of said bonds or any part thereof, and that in any such suit neither the Mortgagor nor any of such guarantors need be joined at the option of said Trustee, and further agrees, in the event of any such suit, proceedings or actions, to pay the costs and reasonable attorneys fees incurred by said Trustee herein.

"The obligations of the undersigned to make the payments herein referred to shall be and become un-

conditional from and after the time when such payment or payments become due, irrespective of any period of grace referred to in said mortgage deed of trust. If the undersigned shall default in the making of any such payments promptly when due, then and in every such case, without any notice whatsoever Central Republic Bank and Trust Company, Trustee, or its successor in said trust, may, without any action on the part of any bondholder, with or without declaring said bonds due prior to their specified maturity, and upon the written request of the holders of not less than twenty-five per cent (25%) of the principal amount of said bonds then outstanding, shall institute such suit or suits in equity or at law in any court of competent jurisdiction to enforce the payments herein agreed to be made by the undersigned as it may deem proper. The Trustee shall not be bound, however, to institute any suit hereon without first being indemnified to its satisfaction.

"It is expressly understood that this guaranty of payment is given as additional security for the payment of the principal of, interest on and carrying charges with respect to said bonds, and is not to be a substitution for any of the obligations of any other person or persons under any existing guarantees or agreements.

"In Witness Whereof, the undersigned has hereunto affixed his hand and seal this 15th day of November, A. D. 1932.

"Vincent Bendix (Seal)."

The statement of claim concludes by alleging that plaintiff is a bona fide holder for value of the bond heretofore described and plaintiff prays that a judgment be entered in the sum of $560, together with interest at the rate of seven per cent per annum from January 1, 1935, plus reasonable attorneys' fees.

Defendant's second amended affidavit of merits denies that plaintiff was induced to or did in fact purchase the bond in question in reliance upon the guar-

anty referred to in the plaintiff's statement of claim and alleges that the guaranty in question is a special one and as such may be enforced only by Central Trust Company of Illinois, Trustee, or by its successor in trust; alleges the terms of the contract of guaranty upon which plaintiff is predicating his lawsuit have not been complied with; and further alleges the suit is premature, and denies that the defendant is indebted to the plaintiff in any amount whatsoever.

Attached to defendant's second amended affidavit of merits was a photostatic copy of bond No. D–192, and, by leave of court, became a part of plaintiff's statement of claim.

It, therefore, appears that this bond in the principal amount of $500, falling due on January 1, 1932, is one of an issue of the aggregate principal amount of approximately $1,400,000 all equally and ratably secured by a first mortgage and deed of trust of the mortgagor, dated as of January 1, 1929, hereinafter called the mortgage, conveying to Central Trust Company of Illinois as trustee all of the property of the mortgagor described in the mortgage, to which mortgage reference is hereby made for a more particular description of the property mortgaged, the nature and the extent of the security, the rights thereunder of the holders of bonds secured thereby and the rights, duties and immunities of the trustee.

The bond provides among other things, as follows:

On default in payment of the interest on or principal of any of the bonds secured by the mortgage or in the performance of any of the covenants of the mortgagor contained in the mortgage, the principal of this bond may, before the date of the maturity hereof as herein specified, become and be due and payable, together with the accrued interest hereon, in accordance with the provisions of the mortgage.

Indorsed on the margin of the bond appeared the following:

"The maturity of this bond has been extended to January 1, 1937, in accordance with the terms of an extension agreement dated as of January 1, 1932; additional coupons are attached hereto; . . . It is understood that the holder of the within bond for himself and each successive holder thereof, has consented and by the acceptance thereof with this legend affixed, does hereby consent to the terms and provisions of this legend and of said extension agreement. . . ."

Eight semiannual interest coupons are attached to said bond numbered 3 to 10 inclusive, and falling due July 1, 1933 to January 1, 1937, inclusive, in the amount of $15 each. By each of said interest coupons Chicago Title and Trust Company, as trustee, under Trust No. 22114, promised to "pay out of the mortgaged property referred to in the bond hereinafter referred to, to bearer hereof, at the office of Central Republic Bank and Trust Company $15, being six (6) months interest on its First Mortgage 6% Gold Bond dated as of January 1, 1929, the maturity of which has been extended."

The theory of the plaintiff in this case is, that under the aforesaid guaranty agreement, the defendant is now personally liable to pay the amount of the aforesaid bond and interest coupons directly to the plaintiff; that plaintiff could and did accelerate the maturity of said bond; that plaintiff is entitled to receive from defendant the full principal amount of said bond, namely, $500, and of interest coupons Nos. 3 to 6, inclusive, for $15 each, falling due up to January 1, 1935, together with interest at the rate of seven per cent on the aggregate amount of $560 from January 1, 1935, to February 14, 1936, the date judgment was entered. The amount of the judgment as entered by the trial court is computed upon this theory, to wit, $602 and costs.

Defendant's theory of the case is that the guaranty agreement expressly provides that all payments thereunder are to be made to Central Republic Bank and Trust Company, as trustee, for the use and benefit of the holders of the entire bond issue, and that suit to recover any sums due thereunder can be brought only by such trustee; that plaintiff, as the holder of a single bond, has no right to sue this defendant upon said agreement and that nothing is or can be due under it from defendant directly to the plaintiff; that no default by the defendant in the performance of the said guaranty agreement is alleged in the statement of claim; that the maturity of the bond held by the plaintiff, namely, Bond No. D–192, due by extension on January 1, 1937, was not legally accelerated, and that the principal of said bond is not yet due and payable, and that plaintiff, in any case, is not entitled to seven per cent interest.

The first error assigned by the defendant is that the trial court erred in striking his second amended affidavit of merits from the files.

The second amended affidavit of merits did not allege any facts upon which an issue could be made on evidence introduced but consisted of denials and conclusions of law. The substance of the affidavit was not, therefore, in compliance with the rules of the municipal court.

Rule 60, paragraph 1, of the municipal court of Chicago provides:

"Every pleading shall contain and contain only a statement in a summary form of the material facts on which the party pleading relies for his claim or defense, as the case may be, but not the evidence by which they are to be proved, and shall, when necessary, be divided into paragraphs numbered consecutively. . . ."

Rule 62 of the municipal court provides:

"A further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, notice or written proceeding requiring particulars, may in all cases be ordered, upon such terms as may be just. . . ."

It is contended by defendant that under the terms of the guaranty he is not liable except to the Central Republic Bank and Trust Company. From a reading of the guaranty we do not think the position of the defendant in that regard is sound. The clauses of the guaranty which control in this regard, are as follows:

"Now, THEREFORE, in consideration of said extension and other good and valuable considerations, receipt of which is hereby acknowledged, *the undersigned hereby guarantees the payment of and agrees to pay the principal of, interest on,* and all taxes and assessments *and other carrying charges as defined in said first mortgage deed of trust as and when any of said payments shall become due and payable.* All payments of principal and/or interest which shall become due from the undersigned under the terms of this instrument shall be made to Central Republic Bank and Trust Company, as Trustee of expressed trust or to its successors in said trust, for the use and benefit of the holders from time to time of said bonds.

"The undersigned unconditionally waives all notice of non-payment or default, demand, presentment, protest or notice thereof, and the acceptance of this guaranty; accepts all of the provisions of said bonds and said first mortgage deed of trust dated as of January 1, 1929; agrees to any extension or extensions of the time of any of said payments without notice to him, and agrees to make such payments when due under the terms of any such extension or extensions; agrees that in case of nonpayment by him when due of said payments or any part thereof, that suit there-

for *may* be brought by Central Republic Bank and Trust Company in its own name and as Trustee of an express trust, as aforesaid, or by any successor Trustee for the use and benefit of the holders of said bonds against him at the election of said Trustee, . . .

"The obligations of the undersigned to make the payments herein referred to shall be and become unconditional from and after the time when such payment or payments become due, irrespective of any period of grace referred to in said mortgage deed of trust. If the undersigned shall default in the making of any such payments promptly when due, then and in every such case, without any notice whatsoever Central Republic Bank and Trust Company, Trustee, or its successor in said trust, *may,* without any action on the part of any bondholder, with or without declaring said bonds due prior to their specified maturity, and upon the written request of the holders of not less than twenty-five percent (25%) of the principal amount of said bonds then outstanding, shall institute such suit or suits in equity or at law in any court of competent jurisdiction to enforce the payments herein agreed to be made by the undersigned as it may deem proper. The Trustee shall not be bound, however, to institute any suit hereon without first being indemnified to its satisfaction.

"It is expressly understood that this guaranty of payment is given as additional security for the payment of the principal of, interest on and carrying charges with respect to said bonds, and is not to be a substitution for any of the obligations of. any other person or persons under any existing guarantees or agreements."

From a reading of this guaranty it is apparent that this was an unconditional guaranty to pay this amount of money due as indicated by the bond, and it was so provided according to its terms for the benefit of all

the holders of the said bonds. The reference that the payments be made through the Central Republic Bank and Trust Company simply means that the guarantor constituted the Central Republic Bank and Trust Company as its agent to receive the money from him and disburse it and is not a controlling factor of the guaranty.

The facts as disclosed by the evidence that defendant has not complied with the terms of his agreement and has paid neither the principal nor the interest on this note, according to its terms, would be evidence of his liability. The fact that the clause in the guaranty provided that the Central Republic Bank and Trust Company, as Trustee, may commence suit, should not be construed to mean that no one else could commence suit.

As was said by the Supreme Court in the case of *Webster v. Fleming,* 178 Ill. 140, 145, in quoting from the case of *Dean v. Walker,* 107 Ill. 540: " 'It has ever been held by this court, that such a promise inures to the benefit of the person for whose benefit it is made, and the right to sue is vested in him by force of the agreement itself.' '' Continuing in the *Webster* case, the court said:

''It is well settled that, where one person enters into a simple contract with another for the benefit of a third person, such third person may maintain an action for the breach, and such a contract is not within the Statute of Frauds. In line with this principle we have held that, 'where a person becomes the purchaser of real estate by deed, which, at the time, is encumbered by mortgage, and in the deed conveying the property it is stipulated and agreed that the purchaser assumes and agrees to pay the mortgage as a part of the consideration, the contract creates a personal liability on the purchaser in favor of the holder of the mortgage, which may be enforced in an appropriate

action.' " See also *Schatzkis v. Rosenwald & Weil,* 267 Ill. App. 169; *Balchunas v. Novicki,* 257 Ill. App. 157; *Chicago Title & Trust Co. v. Cohen,* 284 Ill. App. 181.

We are of the opinion that the judgment of the municipal court was correct and should be and hereby is affirmed.

*Judgment affirmed.*

HEBEL and HALL, JJ., concur.