632

City National Bank and Trust Company of Chicago, Successor Trustee, Appellant, v. Harry Bairstow, Appellee.

Gen. No. 42,325.

Opinion filed July 2, 1943.  Rehearing denied July 14, 1943.

DEFREES, FISKE, O'BRIEN & THOMSON, of Chicago, for appellant; VINCENT O'BRIEN and JOHN MERRILL BAKER, both of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee; JOSEPH H. PLECK, J. BENJAMIN CLEAVER and EDWARD C. CALDWELL, all of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This suit was brought April 1, 1937, to enforce the terms of a written guarantee made and delivered by defendant to the Chicago Trust Company, trustee, January 5, 1931. The complaint, three times amended, sets up *verbatim* the written agreement containing the guarantee and authority to enforce it. Defendant made a motion to strike under section 45 of the Civil Practice Act (Smith-Hurd's Ann. Stats., ch. 110, par. 169 [Jones Ill. Stats. Ann. 104.045]). Before the motion was decided plaintiff made a motion to transfer the cause to the equity side of the court, which was denied. The complaint was stricken, the suit dismissed and judgment for costs entered against plaintiff, and it appeals. The question for decision is whether the complaint stated a cause of action.

The facts stated in the complaint are as follows. January 20, 1927, Victor C. Carlson and wife made and delivered 723 bonds to the amount of $300,000, payable to the bearer, in denomination of $100, $500 and $1,000 each, maturing in from one to ten years

after date. The bonds drew interest at the rate of 6½ per cent per annum before maturity and 7 per cent thereafter. To secure payment of the indebtedness, the Carlsons conveyed to the Chicago Trust Company, an Illinois corporation, as trustee, a 99-year leasehold in the city of Chicago. Defendant Bairstow was the lessor, the Carlsons lessees of this estate. The deed of conveyance was to the corporation, as trustee, and its successors in trust. Some of the bonds were paid. $17,500 of the principal amount became due and was not paid. Defendant Bairstow, lessor, was interested in the leasehold estate and the fee. He desired to have the bonds of this issue reduced in amount to $200,000. To that end the trustee, the Chicago Trust Company, caused $17,500 the principal amount of the bonds due and unpaid, to be subordinated to the lien of the other bonds and delivered the subordinated bonds to defendant. The Chicago Trust Company also canceled and delivered to him other bonds of this issue in the principal amount of $17,500.

Defendant, on January 5, 1931, executed his writing under seal of that date, reciting the foregoing and stating that in consideration thereof and for other considerations, good and valuable, not expressed, he guaranteed prompt payment of the bonds aggregating $200,000 in amount outstanding and unsubordinated. By the same writing defendant also guaranteed the performance of each and every of the ''obligations and conditions'' stated in the bond and in the trust deed and agreed, in case of default, he would on demand make good any such default. The writing provided the guarantee should inure to the benefit of all persons then or thereafter owners or holders of the bonds and should bind representatives and assigns of the guarantor. Power to enforce the guarantee is in these words:

''Chicago Trust Company, as Trustee under said trust deed, and/or as if express trustee in that behalf for the owners or holders of said bonds, without necessity

for possession of the bonds, shall have the right to enforce this guarantee and the undersigned . . . agrees to recognize its authority so to do.''

The appeal in this court was argued orally. Attorneys have furnished a copy of the opinion of the trial judge. The gist of it is: ''I am holding that since every plaintiff must sustain his case by virtue of his own title that the plaintiff here has no cause of action.'' The theory of defendant supports this view. It is argued the instrument is a special guarantee whereby payment of the bonds is guaranteed to the Chicago Trust Company only; that it is not transferable, it is nonassignable and cannot be enforced either by any bondholder or any successor trustee. It is argued the power given the Chicago Trust Company, as trustee, to sue on the guarantee involved trust and confidence, which did not pass to the plaintiff City National Bank & Trust Company as successor in trust. Plaintiff is said to be a total stranger to the guarantee.

As already stated, the complaint sets up the entire writing *verbatim*. It also sets up at length proceedings by which Chicago Trust Company first consolidated with the Central Republic Trust Company, changed its name, became insolvent; the appointment of William L. O'Connel, as trustee, by the State Auditor; proceedings in the circuit court of Cook county in which his appointment was confirmed; his resignation in behalf of the insolvent corporation of this particular trust, and the conveyance by order of court to plaintiff, who was by the court appointed successor in trust of all the property, and the delivery to plaintiff by the receiver of the written guarantee and power to sue, the lease and the trust deed, both duly assigned to the plaintiff. Indeed, the allegations show a proceeding in conformity with section 11 of the Banking Act, similar to that had in *City Nat. Bank & Trust Co. v. Burnham,* 297 Ill. App. 211, where we held the proceeding passed title to the plaintiff as successor in trust, sufficient to maintain its suit. It is quite true, as defendant points out, that

the written instrument here does not name a successor trustee. It is also true it does not purport to give express power to any other than the Chicago Trust Company to enforce the guarantee. Defendant says the guarantee is a special one for the benefit of the Chicago Trust Company alone; that the power to enforce it would not ordinarily be given to an unknown successor; that the omission to name such a successor manifestly was not by inadvertence, since the writing names a successor or assignee of the other party.

Defendant says (citing authorities) the guarantee should be strictly construed. This is true as to any condition or question of applicability if there is an ambiguity. We find no ambiguity here. The writing expressly states:

"This guarantee shall inure to the benefit of all persons now or hereafter owners or holders of said bonds aggregating $200,000 in principal amount and . . . of other indebtedness to accrue under the provisions of said trust deed."

The courts of this State in many cases have held that under promises such as these any holder or owner of any bond can sue on the guarantee. *Oswianza v. Wengler & Mandell, Inc.*, 273 Ill. App. 239. It is quite impossible to hold this writing to be a special guarantee. *Borker v. Bendix*, 288 Ill. App. 260.

We also hold the fact that the writing does not name a successor trustee and does not preclude plaintiff, under the facts appearing, from suing as successor trustee. The clause in the writing giving the Chicago Trust Company power to enforce the guarantee is as follows:

"Chicago Trust Company, as Trustee under said trust deed, and . . . as if express trustee in that behalf for the owners or holders of said bonds, without necessity for possession of the bonds, shall have the right to enforce this guarantee and the undersigned, for himself,

his legal representatives and assigns, agrees to recognize its authority so to do.''

While it is conceded the provisions of the guarantee should be strictly construed, it by no means follows that that rule should be applied to this power to enforce the guarantee. The construction of the power in the last analysis depends upon the intention of the parties to the writing. Was the power of this trustee to enforce this guarantee intended to be personal and exclusive or only ministerial? Professor Scott has stated the general rule applicable in such cases in Scott on Trusts, Volume 2, Article 196, page 1060, and in the same volume, Article 177 at page 937. He says the intention of the settlor is decisive in the absence of some question of illegality. We quote:

''Where the original trustee is a corporation, the inference is that the settlor intended that the power should survive.''

The Chicago Trust Company, trustee here, was a corporation, and a grant of power like this to such a corporation has been held by our Supreme Court to be not personal but ministerial only. *Chicago Title & Trust Co. v. Zinser*, 264 Ill. 31. The selection of a corporation to exercise such a power clearly manifests an intention that the power to enforce a guarantee like this shall be purely ministerial. We hold that under the facts stated in the complaint plaintiff is properly and lawfully successor to the Chicago Trust Company with title to enforce the guarantee. *City Nat. Bank & Trust Co. v. Burnham*, 297 Ill. App. 211.

Defendant argues the complaint is further defective in failing to allege full performance on the part of plaintiff or its predecessors of the considerations upon which defendant made the promise of guarantee. There might be merit to this contention if the guarantee, as it appears in the written instrument, were a condi-

tional one. It is not conditional; it is absolute in its nature.

It is said the complaint is also defective in failing to show that the original trust deed gave the Chicago Trust Company power to enter into the contract of guarantee. Defendant cites Williston on Contracts, vol. 2, § 364A, p. 1061; *Chicago Title & Trust Co. v. Robin*, 361 Ill. 261, 198 N. E. 4; *Tudor v. Firebaugh*, 303 Ill. App. 452, 463, 25 N. E. (2d) 576; *Austin v. Parker*, 317 Ill. 348, 353, 148 N. E. 19. We hold it unnecessary to decide this question on this record, since the matter was decided on a motion to strike and the defense stated, if valid, is one which should be affirmatively pleaded.

We hold the complaint states a good cause of action; that the court erred in striking it, in dismissing the suit and in entering judgment against plaintiff. The judgment will be reversed and the cause remanded with directions to enter a rule on defendant to answer.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and NIEMEYER, J., concur.