## RECONSTRUCTION FINANCE CORPORATION v. BAIRSTOW.

### No. 8363.

Circuit Court of Appeals, Seventh Circuit.
Jan. 19, 1944.

Rehearing Denied March 13, 1944.

Lee Walker, M. O. Hoel, and Lawrence T. Manning, all of Chicago, Ill., for appellant.

Joseph H. Pleck and J. B. Cleaver, both of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

The sole question in this case is whether the complaint stated a cause of action.

The facts: On January 20, 1927, defendant's lessees, Victor C. and Charlotte Carlson, executed and delivered their bonds, and to secure payment thereof, they conveyed to the Chicago Trust Company, as trustee, their interest in said leasehold estate. January 5, 1931, the defendant, for a valuable consideration, executed and delivered to the Chicago Trust Company, as trustee, his written guaranty, guaranteeing the payment of the then remaining outstanding bonds. After the execution of the guaranty, plaintiff became the legal holder of certain of said bonds and sued for the principal of the bonds and interest. By the guaranty the defendant guaranteed the performance of "each and every [one of] the obligations and conditions set forth in said bonds and in the trust deed securing the same," and in the event of default, agreed "immediately upon demand to make good said default." The guaranty agreement also provided that "This guarantee is a continuing guarantee and may be enforced against the undersigned from time to time as and whenever there may be a default of any of the obligations guaranteed" and that "This guarantee shall inure to the benefit of all persons now or hereafter owners or holders of said bonds." The guaranty provided further that "Chicago Trust Company, as Trustee * * * for the owners or holders of said bonds * * * shall have the right to enforce this guarantee. * * *"

In the District Court defendant moved to dismiss the complaint on the grounds that the plaintiff was a stranger to and had no interest in the guaranty agreement and that the guaranty was not enforceable by the plaintiff because the defendant promised to render performance only to the Chicago Trust Company as trustee. The court sustained the motion and entered judgment for

354

costs against the plaintiff. From that judgment this appeal is prosecuted.

 It seems to us that this case does not require any extended discussion, since the rules of law which must govern us are clearly established by the decisions rendered by the courts of Illinois. Thus, it has been held that if a contract be entered into for the direct benefit of a third person not a party thereto, such third person may sue for breach thereof. The test is whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. If direct he may sue on the contract; if incidental he has no right of recovery thereon. Carson Pirie Scott & Co. v. Parrett, 346 Ill. 252, 178 N.E. 498, 81 A.L.R 1262, and Cherry v. Ætna Casualty & Surety Co., 372 Ill. 534, 25 N.E.2d 11. And to enable the third party to sue the promisor, it is not necessary that the obligation shall have been undertaken by the latter directly or primarily for the benefit of the third person. All that is necessary is that the third party have a beneficial interest in the enforcement of the contract, Merchants Loan, etc., Co. v. Ummach, 228 Ill.App. 67, and when it is clear that the third party has a beneficial interest in the enforcement of the contract, the promise thus made in the agreement inures to the benefit of the person for whose benefit it is made, and the right to sue is vested in him by force of the agreement itself, Webster v. Fleming, 178 Ill. 140, 145, 52 N.E. 975. It has been held that the legal holder of the bonds has a beneficial interest in the guaranty here involved, City National Bank, etc., Co. v. Bairstow, 319 Ill. App. 632, 50 N.E.2d 111; consequently, the plaintiff has the right to sue upon the guaranty, and the fact that the guaranty provided that the Chicago Trust Company, as trustee, shall have the right to enforce the guaranty will not be construed to mean that plaintiff could not commence suit, Borker v. Bendix, 288 Ill.App. 260, 270, 6 N.E.2d 312, and Bairstow case, supra, pages 636, 637, of 319 Ill.App., 50 N.E.2d 111.

 Defendant calls our attention to that part of the guaranty reciting that in addition to the delivery of certain bonds, there were considerations "not herein expressed" and he argues that the complaint is defective because it does not allege that the unexpressed considerations had been fulfilled and performed. But in the Bairs-

tow case, supra, 637 of 319 Ill.App., 50 N.E.2d 111, the court said, since the guaranty was absolute in its nature, there was no merit in this contention.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.