STEINBERG ET AL., ADMINISTRATORS *v.* GONZALES

[No. 88, September Term, 1957.]

*Decided December 17, 1957.*

102

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Joseph B. Axelman* for the appellants.

*Herbert R. O'Conor, Jr.,* and *George W. McManus, Jr.,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for $4,826.95 entered by the court in an action tried without a jury upon a guaranty. The guarantor contends that the court erred in overruling a demurrer to the amended declaration, and that the proof was fatally defective in that it did not show any effort on the part of the appellee to collect the sums due from the primary obligors.

On September 9, 1955, the appellee entered into a mutual release and settlement agreement with Raphael H. Poiley and Rosal Metal Products Manufacturing Company, Inc. (Rosal), reciting that Gonzales and Poiley were the holders of the outstanding stock of Rosal, each to the extent of 50%, and that Gonzales had made certain claims against Poiley arising out of Poiley's use of the corporate funds. The terms of the agreement were that Poiley should pay Gonzales $15,000.00 in cash, the sum of $6,150.00 within twelve months in quarterly installments of $1,537.50 each, and $1,500.00 to Mr. and Mrs. Schaeffer on account of a mortgage held by them on the home of Gonzales. It was stated in explanation of the last item, that the mortgage had been executed by Gonzales in 1952 for the benefit of Rosal, in the amount of $5,000.00, a balance of $3,800.00 being due thereon at the date of the

agreement, of which $1,500.00 had been received by Rosal, but that there was a dispute as to whether the balance of $2,300.00 had been so received. The parties agreed that Gonzales should only have to pay $2,300.00 on the mortgage, and Poiley should bear one-half of that amount. It was agreed that "Gonzales shall never have to pay interest on any amount of principal in excess of the Eleven Hundred ($1150.00) and Fifty Dollars." Poiley's undertaking to pay $1,150.00 was included in the sum of $6,150.00 above mentioned. In consideration of these undertakings Gonzales agreed to assign his stock to Poiley and to release him and the corporation from all claims, provided he should receive a satisfactory guaranty for the payment of the $6,150.00. Rosal signed as a co-promisor of Poiley's undertakings, and agreed to sign promissory notes for that sum, along with Poiley, and to cause the Schaeffers to execute a release of mortgage to the extent of $1,500.00.

Attached to this agreement, which was witnessed by Meyer Steinberg, attorney for Poiley and Rosal, was a guaranty executed by Steinberg reading in part: "I * * * do hereby personally guarantee the payment of the Six Thousand One Hundred Fifty Dollars ($6,150.00) which is to be paid by Raphael H. Poiley and Rosal Metal Products Mfg. Co., Inc., within twelve (12) months from the date hereof * * * on the following dates: December 9, 1955; March 9, 1956; June 9, 1956; and September 9, 1956." In a separate guaranty he further personally guaranteed that the mortgage "shall not be foreclosed * * * as long as Raymond Gonzales pays thereon the sum of Twenty-Three Hundred ($2,300.00) Dollars, one-half (½) of which is included in the above guarantee of Six Thousand, One Hundred and Fifty ($6,150.00) Dollars; * * * ."

The declaration alleged that the guaranty was unconditional, and that the first of the four payments was made when it fell due but the other three were not. It alleged demands upon the primary obligors and failure to pay, also demands upon the guarantor and his failure to pay. The appellant contends that the declaration was fatally defective in failing to allege that Gonzales had performed his part of the agree-

ment by assigning his stock. It is true that an allegation of performance, at least in general terms, is usually prerequisite. Here the allegations that the first payment was made, and that the others were overdue and unpaid is, inferentially at least, an allegation that the considerations had passed to the principal obligors. Poiley testified he did not make the first payment, which appears to have been made by Steinberg. Moreover, it has been held that where a guaranty is absolute and unconditional it is unnecessary to allege performance of the considerations on which the principal obligation rests. *City Nat. Bank & Trust Co. of Chicago v. Bairstow,* 50 N. E. 2d 111 (Ill. App.); *Reconstruction Finance Corporation v. Bairstow,* 140 F. 2d 353 (C. C. A. 7th). We have held that in the case of an unconditional guaranty it is unnecessary to allege notice of acceptance or notice of default. *Continental Oil Co. v. Horsey,* 175 Md. 609; *Booth v. Irving Nat. Exch. Bank,* 116 Md. 668. We think the declaration was not demurrable. Gonzales testified without contradiction that he received the $15,000.00 cash payment and the executed notes from Steinberg, and that he endorsed his stock certificate in blank and turned it over to Steinberg, presumably at the same time that Steinberg witnessed the agreeement and signed the guaranties, or certainly before he made the first payment three months later.

The appellant also contends that Gonzales did not carry out his agreement to pay $2,300.00 on the mortgage. The argument assumes that Gonzales agreed to do this as a part of the consideration moving to the principal obligors. But the mortgage was upon Gonzales' home, and he was obligated to pay this sum to the Schaeffers quite apart from the agreement of settlement and release, which only purported to limit his obligation, not to create a new one. If Gonzales were willing to run the risk of foreclosure, by failing to pay off his mortgage, it is difficult to see how the guarantor was harmed. In any event, suit is not upon the second guaranty, but on the first. Clearly the first guaranty is unconditional and not contingent upon payment of the mortgage which Steinberg guaranteed should not be foreclosed if Gonzales paid the amount specified. Gonzales testified he paid $1,150.00 on

the mortgage, and did not pay the balance because of the default on the part of the principal obligors.

The contention that the guarantor is excused, because no effort is shown to collect from the principal obligors, is also without merit. The fact that there was a default is not questioned. Poiley testified he did not even make the first payment, and that the corporation had gone into receivership. Gonzales and his attorney both testified as to efforts at collection. But the liability became fixed upon the principals' default, and it was not incumbent upon Gonzales to exhaust his remedies against the principal obligors before proceeding against the unconditional guarantor. *Continental Oil Co. v. Horsey, supra,* and cases cited.

*Judgment affirmed, with costs.*